In the Matter of LEONARD TROILO, Petitioner, against LEWIS J. VALENTINE, as Commissioner of the Police Department of the City of New York, Respondent.

Supreme Court, Special Term, New York County, February 11, 1943.

*Edward J. Fontana* for petitioner.

*William C. Chanler, Corporation Counsel (Thomas W. A. Crowe* of counsel), for respondent.

WALTER, J. Petitioner seeks to compel the Police Commissioner to return fingerprints taken when he was arrested upon a charge of violating section 1897 of the Penal Law, relating to the carrying of dangerous weapons. He was acquitted of that charge, but after that acquittal he was convicted of two other offenses (one a lottery charge and the other a charge of conducting a gambling room), on the first of which he had been arrested and admitted to bail prior to his arrest on the gun-carrying charge.

No right to the requested return exists unless it is conferred by statute (*Matter of Molineux* v. *Collins,* 177 N. Y. 395), and the question is whether or not petitioner brings himself within section 516 of the Penal Law, which provides: "Upon the determination of a criminal action or proceeding against a person, in favor of such person, unless such person has previously been convicted * * * [of other specified offenses],

every photograph * .* * and finger prints taken or made of such person * * * shall be returned on demand."

Petitioner stands on a literal reading of the words of the statute and insists that as he was not convicted on the other charges previously to his acquittal on the gun-carrying charge he has an absolute right to the relief sought. Respondent argues that the conviction on the lottery charge " relates back " to the time he committed that offense and that it cannot reasonably be held to have been the intent or purpose of the Legislature to require a return or photographs and fingerprints where at the time of acquittal on one charge there is pending another charge upon which the person photographed and fingerprinted is subsequently convicted.

There perhaps would be substance to respondent's argument if the offenses, a conviction of which prevents return (Penal Law, § 516), were the same as the offenses, an arrest for which authorizes photographing and fingerprinting (Code Crim. Pro. § 940), for it seems reasonable that if a man has been arrested for two offenses, for both of which he may be fingerprinted, he should not have the fingerprints returned because he was acquitted of one even though convicted of the other. In fact, however, the offenses a conviction of which prevents return are not the same as those an arrest for which authorizes photographing and fingerprinting (compare Code Crim. Pro. § 940 with Penal Law, § 516), and there seems little reason for saying that because a man was convicted of an offense which did not authorize fingerprinting he cannot get back fingerprints taken upon his arrest for another offense of which he was acquitted.

It also may be argued that, as the Legislature decided to make conviction of what may be termed " non-fingerprintable " offenses a bar to the return of fingerprints, there is not much logic in limiting the bar to instances in which such conviction took place before the acquittal upon the charge under which the fingerprints were taken.

All this, however, is merely saying that section 516 of the Penal Law, as presently framed, is not very logical and does not express the proper public policy upon the subject, and with that the courts have nothing to do. The court here has no alternative but to follow the law as written, and as petitioner's convictions were not previous to his acquittal upon the gun-carrying charge his petition is granted.

Settle order.