A. Franklin Mahoney, J.
This is an article 78 proceeding in the nature of mandamus against the Superintendent of the New York State Police. An order is sought directing the return of fingerprints and photographs of petitioner’s infant son taken in connection with his arrest on February 26, 1971. On that date the infant was arrested and charged with criminal possession of a dangerous drug in violation of section 220.05 of the Penal Law. Thereafter, on March 29, 1971 David Himmelstein *536 pleaded guilty to violation of section 240.20 of the Penal Law, disorderly conduct.
It is petitioner’s contention that the criminal charge was resolved in favor of Himmelstein and in the absence of a prior conviction and a pending criminal action or proceeding against him, he is entitled, upon demand, to the return of his fingerprints and photographs (Civil Eights Law, § 79-e). The respondent takes the position that since section 10.00 of the Penal Law, effective September 1, 1967, defines disorderly conduct as a “ violation ” which means an “ offense ” (Penal Law, § 10.00, subd. 3) and, further, since the same law defines an “ offense ” as “conduct for which a sentence to a term of imprisonment or to a fine is provided ”, that where the charge of criminal possession of a dangerous drug (Penal Law, § 220.05) was dropped or dismissed there was another criminal proceeding pending against the infant, disorderly conduct (Penal Law, § 240.20), which made inoperative the provisions of section 79-e of the Civil Eights Law.
The respondent is correct and the petition must be dismissed. While there has always been a distinction between a “ crime ” and minor violations dealt with by Magistrates or Justices of the Peace (People v. Grogan, 260 N. Y. 138, 141-42; Matter of Cooley v. Wilder, 234 App. Div. 256) the latter are regarded as special proceedings of a criminal nature (People v. Du Pont, 28 A D 2d 1135, citing People ex rel. Burke v. Fox, 205 N. Y. 490; Steinert v. Sobey, 14 App. Div. 505). The revision of the Penal Law, particularly section 10.00 thereof, recognized the difficulty in classifying the petty or noncriminal offense or violation, such as disorderly conduct, and gave a new noncriminal definition to the words “violation” and “offense” while retaining criminal procedures and actions for trying and sentencing offenders. It follows, therefore, that the holding in People v. Du Pont (supra) has not been altered by the change in the Penal Law, effective September 1, 1967. Interestingly, the new Criminal Procedure Law, effective September 1, 1971, does not carry over the provisions of section 552-a of the old code. In fact, the new CPL is much more stringent in that it enlarges the instances when fingerprints and photographs may be taken and provides no machinery for their return.
Consequently, in the language of section 79-e of the Civil Eights Law, there was “ another criminal action or proceeding * * * pending against” the petitioner’s son at the time of the dismissal of the felony charge foreclosing the right to a return of the fingerprints and photographs.
Petition dismissed.