Frank B. Bayger, J.
Petitioner seeks an order of this court directing the return of all fingerprints, palmprints and photographs of the petitioner acquired by the Buffalo Police Department in connection with his arrest on or about August 31, 1971 for an alleged violation of subdivision 3 of section 240.35 of the Penal Law. (Loitering for purposes of soliciting or engaging in deviate sexual behavior.) On November 11, 1971, the presiding Buffalo City Court Judge, with the consent of the prosecutioq, granted petitioner an “ adjournment in contemplation of dismissal” pursuant to CPL 170.55. The People thereafter made no application to reinstate this charge so it must be deemed to have been dismissed on May 11, 1972.
In view of that dismissal and petitioner’s otherwise unblemished record, section 79-e of the Civil Bights Law requires the return or destruction of petitioner’s prints and photographs. So much is conceded by the People and an order will be entered to that effect.
Petitioner’s further request for an order expunging and vacating all Buffalo City Court and Buffalo Police Department records of this arrest must be denied, however. Such relief is neither required nor authorized by section 79-e. (Cf. Matter of Weisberg v. Police Dept. of Vil. of Lynbrook, 46 Misc 2d 846.) Petitioner admits as much but suggests the existence of an inherent judicial power to alleviate what he contends is an unjustified invasion of his right to privacy. He argues that the potential for misuse of such records or their indiscriminate dissemination and the very real threat to unrestricted employability which they undeniably represent far outweigh any legitimate law-enforcement interests 'the State may have in the maintenance of such records. Similar arguments have been forcefully presented in other eases both in New York and in other jurisdictions. (See, e.g., Matter of Smith, 63 Misc 2d 198; Matter of Weisberg v. Police Dept. of Vil. of Lynbrook, supra; Menard v. Mitchell, 430 F. 2d 486; United States v. Kalish, 271 F. Supp. 968, 970; Davidson v. Dill, 12 Cr. L. 2197.) Frequently, the requested relief has been granted, either wholly (e.g. Davidson v. Dill, supra), or in part (e.g. Matter of Smith, supra).
These authorities are of no assistance to this petitioner, however. Aside from a lack of statutory authority or general equitable jurisdiction (N. Y. Const., art. VI, § 11), the Erie County Court is obviously without administrative authority over Buffalo City Court or the Buffalo Police Department. (Matter of Weisberg v. Police Dept. of Vil. of Lynbrook, supra.) In *1031 short, this court, while sympathetic to the petitioner’s argument, is totally lacking authority to grant the relief requested. Whereas other jurisdictions were without legislative pronouncements in this area and judicial determination therefore made possible (cf. Davidson v. Dill, supra), our Legislature has mandated what relief may be granted to persons in petitioner’s position. (Civil Rights Law, § 79-e.) In the context of today’s computerized, impersonal, “ Big Brother ” type society, legislative consideration of some further relief may well be appropriate. But until further relief is authorized by our Legislature, persons arrested but not convicted in this State are entitled to no more than a return of their prints and photographs.