Max H. Galfunt, J.
The defendants have moved pursuant to CPL 160.50 to have fingerprints returned and the records sealed.
At this juncture, the court wishes to commend both the prosecutor and defense counsels for their co-operation and fine memoranda.
Defendant Casella was arrested and charged with the crimes of petit larceny (Penal Law, § 155.25) and criminal possession of burglar’s tools (Penal Law, § 140.35); both are class A misdemeanors. The maximum term of imprisonment for a class A misdemeanor is one year (Penal Law, § 70.15, subd 1).
The defendant pleaded guilty to trespass (Penal Law, § 140.05) and disorderly conduct (Penal Law, § 240.20), both violations, the maximum term of imprisonment being 15 days (Penal Law, § 70.15, subd 4). The defendant was fined and paid said fine. At this time, counsel for the defendant moved the court, pursuant to CPL 160.50, for an order directing that the matter be sealed and the fingerprints and photographs be returned. The defendant has no previous criminal record.
The other two defendants had been charged with petit larceny (Penal Law, § 155.25) and had pleaded guilty to disorderly conduct (Penal Law, § 240.20).
The issue thus presents itself: Is a plea of guilty to a violation from the charges of a class A misdemeanor[1] such a "favorable disposition of the criminal proceeding” within the meaning of CPL 160.50?
Initially we must state that in this motion for return of fingerprints and photographs of the defendants and for a sealing of an official record and papers relating to the arrest or prosecution of the defendants, the defendants must rely on CPL 160.50. It has been clearly established that the sealing or return of these documents depends upon no inherent right of *444 the defendant, but only upon a right established by statute. This principle was established as early as 1904, when the Court of Appeals held in Matter of Molineux v Collins (177 NY 395) that a defendant who had been convicted and imprisoned and then later exonerated did not have any right to the return of photographs and body measurements taken of the defendant (the science of fingerprint identification not yet having been accepted), and that he should look to the Legislature for relief. This same principle was reiterated by the Supreme Court, New York County, in Troilo v Valentine (179 Misc 954) where the court held, "No right to the requested return [of fingerprints] exists unless it is conferred by statute”.
CPL 160.50 became effective in September of 1976 (L 1976, ch 877). Its predecessors were the section 79-e of the Civil Rights Law[2] and section 516 of the Penal Law of 1909[3] *445 (repealed in 1965). These statutes did not deal with the sealing of the records. CPL 160.50 has added the requirement of sealing.
CPL 160.50 states the following:
"1. Upon the termination of a criminal action or proceeding against a person in favor of such person, as deñned in subdivision two of this section, unless another criminal action or proceeding is pending against such person, or unless the district attorney upon motion with not less than five days notice to such person or his attorney demonstrates to the satisfaction of the court that the interests of justice require otherwise, the court wherein such criminal action or proceeding was terminated shall enter an order, which shall immediately be served by the clerk of the court upon the commissioner of the division of criminal justice services and upon the heads of all police departments and other law enforcement agencies having copies thereof, directing that:
"(a) every photograph of such person and photographic plate or proof, and all palmprints and ñngerprints taken or made of such person pursuant to the provisions of this article in regard to the action or proceeding terminated, and all duplicates and copies thereof, shall forthwith be returned to such person, or to the attorney who represented him at the time of the termination of the action or proceeding, at the address given by such person or attorney during the action or proceeding, by the division of criminal justice services and by any police department or law enforcement agency having any such photograph, photographic plate or proof, palmprint or fingerprints in its possession or under its control;
"(b) any police department or law enforcement agency, including the division of criminal justice services, which transmitted or otherwise forwarded to any agency of the United States or of any other state or of any other jurisdiction outside the state of New York copies of any such photographs, photographic plates or proofs, palmprints and fingerprints shall forthwith formally request in writing that all such copies be returned to the police department or law enforcement agency which transmitted or forwarded them, and upon such return such department or agency shall return them as provided herein;
"(c) all official records and papers other than court decisions relating to the arrest or prosecution, including all duplicates *446 and copies thereof, on ñle with the division of criminal justice services, any court, police agency, or prosecutor’s office be sealed and not make available to any person or public or private agency; and
"(d) such records shall be made available to the person accused or to such person’s designated agent, and shall be made available to (i) a prosecutor in any proceeding in which the accused has moved for an order pursuant to section 170.56 or 210.46 of this chapter, or (ii) a law enforcement agency upon ex parte motion in any superior court, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it, or (iii) any state or local officer or agency with responsibility for the issuance of licenses to possess guns, when the accused has made application for such a license.
"2. For the purposes of subdivision one of this section, a criminal action or proceeding against a person shall be considered terminated in favor of such person where:
"(a) an order dismissing the accusatory instrument pursuant to article four hundred seventy was entered; or
"(b) an order to dismiss the accusatory instrument pursuant to section 170.30, 170.50, 170.55, 170.56, 210.20, or 210.46 of this chapter was entered and the people have not appealed from such order or the determination of an appeal or appeals by the people from such order has been against the people; or
"(c) a verdict of complete acquittal was made pursuant to section 330.10 of this chapter; or
"(d) a trial order of dismissal pursuant to section 290.10 or 360.40 of this chapter was entered and the people have not appealed from such order or the determination of an appeal or appeals by the people from such order has been against the people; or
"(e) an order setting aside a verdict pursuant to section 330.30 or 370.10 of this chapter was entered and the people have not appealed from such order or the determination of an appeal or appeals by the people from such order has been against the people and no new trial has been ordered; or
"(f) an order vacating a judgment pursuant to section 440.10 of this chapter was entered and the people have not appealed from such order or the determination of an appeal or appeals by the people from such order has been against the people, and no new trial has been ordered; or
*447 "(g) an order of discharge pursuant to article seventy of the civil practice law and rules was entered and the people have not appealed from such order or the determination of an appeal or appeals by the people from such order has been against the people.” (Italics added.)
To determine whether the defendant may move for that relief provided under CPL 160.50, we must determine whether the "pleading down” present here constitutes a termination of a criminal action in favor of such person under the provisions of CPL 160.50.
The scenario of each of these cases is the same. The defendant is arrested on a "printable” offense. The defendant subsequently plea bargains down to a violation. The defendant’s logic is that since the end result is a "nonprintable” offense, the fingerprints (and photographs) should be returned and the records sealed pursuant to CPL 160.50.
The forerunners of CPL 160.50 were section 516 of the Penal Law (1909) (repealed by Penal Law of 1965, eff Sept., 1967) and section 79-e of the Civil Rights Law (repealed by L 1976, ch 877, § 3, eff Sept. 1, 1976). A review of the cases determined under these statutes may assist in determining what a "termination of the criminal procedure in favor” of the defendant is.
In Troilo v Valentine (179 Misc 954, supra) the Supreme Court, New York County, in interpreting section 516 of the Penal Law, held that an acquittal on a charge of carrying a dangerous weapon entitled the defendant to a return of fingerprints taken when he was arrested.
In Matter of Campbell v Adams (206 Misc 673) upon dismissal of a charge of burglary, a youth was entitled to a return of his fingerprints and photographs.
In the Matter of Foster (72 Misc 2d 1029) the defendant had received an adjournment in contemplation of dismissal in regard to loitering for the purposes of soliciting in deviate sexual behavior. The prosecutor made no application to reinstate after the six months; so it must be deemed dismissed. The defendant’s prints and photographs were returned under section 79-e of the Civil Rights Law.
Matter of Johansen v Barry (44 Misc 2d 446) disagrees with the general trend of dismissals and acquittals constituting favorable determinations. The court found that the substitution of a traffic infraction for a misdemeanor charge consti *448 tuted. a termination of the criminal proceeding in the defendant’s favor.
Matter of Galenson v Kirwan (67 Misc 2d 535) deals with pleading down and the definition of a criminal action. There, defendant was arrested and charged with criminal possession of a dangerous drug (then Penal Law, § 220.05), a class A misdemeanor. Subsequently, the defendant pleaded guilty to section 240.20 of the Penal Law, disorderly conduct, a violation.
The petitioner contends that the criminal charge was resolved in his favor. The defendant further contended that no pending criminal action or proceeding existed against him; i.e., the violation was not a criminal action or proceeding.
The prosecutor argued that a violation was defined as an offense under subdivision 3 of section 10.00 of the Penal Law, and an offense may be defined as "conduct for which a sentence to a term of imprisonment or to a fine is provided.”
The court, in rejecting the defendant’s contention, stated (p 536): "While there has always been a distinction between a 'crime’ and minor violations dealt with by Magistrates or Justices of the Peace (People v. Grogan, 260 N. Y. 138, 141-142; Matter of Cooley v. Wilder, 234 App. Div. 256) the latter are regarded as special proceedings of a criminal nature (People v. Du Pont, 28 AD 2d 1135, citing, People ex rel. Burke v. Fox, 205 N. Y. 490; Steinert v. Sobey, 14 App. Div. 505). The revision of the Penal Law, particularly section 10.00 thereof, recognized the difficulty in classifying the petty or noncriminal offense or violation, such as disorderly conduct, and gave a new noncriminal definition to the words 'violation’ and 'offense’ while retaining criminal procedures and actions for trying and sentencing offenders.”
The court’s decision stands for the result that the end result of a plea to a violation still constitutes a "criminal action or proceeding” under section 79-e of the Civil Rights Law; and a plea to a violation is not a favorable determination in favor of the defendant.
Our conclusions from looking at the case law under the Penal Law of 1909 and section 79-e of the Civil Rights Law are that a favorable determination in favor of the defendant usually was interpreted as an acquittal or dismissal of all the charges, and that a plea to a violation was not a determination in favor of the defendant.
*449 More recently two cases have been decided which reflect on the return of fingerprints and photographs as well as on the sealing of records.
In Dwyer v Guido (54 AD2d 956) the defendant was arrested and charged with harassment (a violation), resisting arrest (a class A misdemeanor) and a traffic infraction. The defendant’s fingerprints and photographs were taken because of the misdemeanor charge.
The defendant pleaded guilty to the charge of harassment (a violation) in satisfaction of the information against him. He then requested that the police commissioner return the fingerprints and photographs pursuant to section 79-e of the Civil Rights Law.
The Special Term granted the petition, stating that the defendant was ultimately convicted of a violation and not a crime.
The Appellate Division agreed, stating that the dismissal of the misdemeanor was a "favorable and final determination in favor” of the defendant. (Dwyer v Guido, supra, p 957.)
It is noted that the determination was made under section 79-e of the Civil Rights Law.
People v Flores (90 Misc 2d 190) is one of the first cases that deals exclusively with CPL 160.50.[4]
There, the defendant was charged with reckless endangerment, a class D felony, and with various traffic infractions. Subsequently, the defendant pleaded guilty to the various infractions to cover the entire indictment. The defendant was sentenced to pay a fine of $150.
The defendant had not been convicted of a crime. He applied for return of his fingerprints and photographs. The police commissioner denied the request.
The court, citing Dwyer v Guido, stated (People v Flores, supra, p 190) that "the clear intent of the Legislature is to expunge all indicia of an arrest which does not result in criminal punishment.” The court cited section 155 of the Vehicle and Traffic Law, which states: "A traffic infraction is not a crime and the punishment imposed therefor shall not be deemed for any purpose a penal or criminal punishment”.
The court concluded that the Legislature intended to in- *450 elude noncriminal violations and traffic infractions within CPL 160.50, i.e., return fingerprints and seal pursuant to CPL 160.50.
First, it is the conclusion of this court that the reduction of charges from a class A misdemeanor to a violation through plea bargaining constitutes the entirety of a "criminal action or proceeding” (see Matter of Galenson v Kirwan, 67 Misc 2d 535, supra). There is no cessation or dismissal of the criminal action or the accusatory instrument on the plea to the new, lesser offense. The plea to the violation represents a termination of the criminal action or proceeding.
Now we must deal directly with the issue of whether the pleading to a violation constituted a termination "in favor of such” person, the defendant.
In analyzing the Guido and Flores cases, some things are apparent.
First, Guido did conclude that a plea to a violation constituted a favorable disposition under section 79-e of the Civil Rights Law, rejecting the logic set forth in prior cases dealing with the statute.
Flores dealt with a traffic infraction, a noncriminal violation. Neither case considered the provisions of CPL 160.50 (subd 2) in its conclusion.
CPL 160.50 (subd 1) states: "Upon the determination of a criminal action * * * against a person in favor of such person, as deñned in subdivision two of this section”. (Italics added.)
Thus, CPL 160.50 specifically contains those instances that will be deemed determinations in favor of the defendant (unlike section 79-e of the Civil Rights Law which had no comparable subdivision).
A determination in favor of a defendant results with: an order dismissing the accusatory instrument (pursuant to CPL article 470 dealing with appeals); an order dismissing the accusatory instrument[5] based on various grounds (CPL 170.30, 170.50, 210.20, 210.46) or adjournment in contemplation of dismissal (CPL 170.55, 170.56); verdicts of complete acquittal (CPL 330.10); a trial order of dismissal (CPL 290.10, 360.40); an order setting aside the verdict (pursuant to CPL 330.30, 370.10); an order vacating a judgment (CPL 440.10), or an *451 order of discharge pursuant to CPLR article 70 (habeas corpus).
Thus, CPL 160.50 (subd 2) specifically sets forth those conditions that constitute a favorable determination. With this very comprehensive list (reflecting the finality of the "dismissal/ acquittal” determination under the majority of cases decided under section 516 of the Penal Law of 1909 and section 79-e of the Civil Rights Law), this court sees no need to interpret the very specific enactment of the Legislature, for resort is had to the rules for the interpretation of statutes only when it is necessary to apply them to ascertain the meaning of a statute. When the meaning of a statute is clear, construction is unnecessary. In such a case it is the duty of the court to carry out the expressed legislative intent, not to read a different intent into the law by the aid of the canons of construction (McKinney’s Cons Laws of NY, Book 1, Statutes, § 91).
The termination in favor of a defendant, then, cannot be merely a plea down from a misdemeanor to a violation. Indications we have discussed above and subdivision two make this obvious.
Immediately subsequent to CPL 160.50, the Practice Commentary states: "This entirely new section codifies, for the first time, the requirements for return of photographs and fingerprints and like records to finally exonerated accuseds.” (Italics added.) (Bellacosa, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 160.50, 1976-1977 Pocket Part, p 200.)
In People v Flores (90 Misc 2d 190, supra) the Governor’s message accompanying the bill stated: " 'The bill * * * is designed to protect the rights of individuals against whom criminal charges have been brought, but which did not ultimately result in a conviction.’ ” (Italics added.)
A conviction is defined as an entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument (CPL 1.20, subd 13). It becomes more obvious that pleading guilty to a violation does ultimately result in a conviction. Further, CPL 160.60 deals with the effect of the termination of criminal actions in favor of the accused. It states in part: "Upon the termination of a criminal action * * * against a person in favor of such person, as defined in subdivision two of section 160.50 * * * the arrest and prosecution shall be deemed a nullity and the accused shall be *452 restored, in contemplation of law, to the status he occupied before the arrest and prosecution. ” (Italics added.)
To be convicted of a violation instead of a misdemeanor is, of course, better because the penalties are less. But conviction of a violation is not a "nullity” nor is a defendant restored to the status he occupied before the arrest and prosecution. A violation is still an offense.
The disposition of criminal charges by agreement between the prosecutor and the accused is an essential component of the administration of justice. (Santobello v New York, 404 US 257).
A plea of guilty to a charge is more than a confession which admits that the accused did various acts; it is itself a conviction (Boykin v Alabama, 395 US 238). With a guilty plea to a lesser charge, the defendant stands as a witness against himself (Brady v United States, 397 US 742), and it represents the defendant’s consent that judgment of conviction may be entered without a trial (Brady v United States, 397 US 742, supra).
Plea bargaining constitutes a waiver of the fundamental right to a jury trial (Duncan v Louisiana, 391 US 145), to confront one’s accusers (Pointer v Texas, 380 US 400), to present witnesses in one’s defense (Washington v Texas, 388 US 14), to remain silent (Malloy v Hogan, 378 US 1) and to be convicted by proof beyond a reasonable doubt (Matter of Winship, 397 US 358). It is not a termination of the criminal proceeding in favor of the defendant.
Also, the process of sealing should be granted only sparingly and in the interests of justice. The Legislature should amend CPL 160.50 to apply to those defendants with no prior offenses and not permit persons to accumulate many offenses to be sealed and thus hidden from consideration as to sentencing for future offenses. The phrase "or unless the district attorney upon motion * * * demonstrates to the satisfaction of the court that the interests of justice require otherwise” (CPL 160.50, subd 1) is not, in and of itself, sufficient.
Many times there are cases concerning misdemeanor offenses against defendants who have not previously been arrested or convicted. One of the major factors in plea bargaining whereby a defendant does plea from a misdemeanor to a violation is the fact that the defendant has not previously been charged with the same misdemeanor and had not, at *453 some earlier date, been allowed to take a plea to the lesser offense.
If after such a disposition (from a misdemeanor to a violation), the defendant is granted an order to seal the court records relating to the arrest and prosecution, on possible succeeding arrests, a defendant will appear to have no record, for the record will have been sealed. It is not inconceivable to have defendants committing repeated misdemeanors and never suffer more than the punishment of a violation.
Finally, it is true that a defendant could be charged with an offense for which he could be fingerprinted, and, even though the charge is ultimately reduced to a "nonprintable” offense (e.g., a violation), the permanent scar of a criminal fingerprint and photographic record could be inflicted upon him.
But an end to any possible abuse that might exist will have to be remedied by a statutory amendment specifically setting forth the return of fingerprints and photographs and sealing of records when an individual is charged with a printable offense (as set forth in CPL 160.10) and the end result of the criminal proceeding is a violation.
For the above-stated reasons, the defendant’s motion for an order returning fingerprints and photographs and sealing of the records is denied.

. CPL 160.10 governs when fingerprints must be taken (photographs may be taken pursuant to CPL 160.10, subd 3). Fingerprints must be taken when the offense which is the subject of the arrest or which is charged in the accusatory instrument filed is (1) a felony; (2) a misdemeanor defined in the Penal Law; (3) a misdemeanor defined outside the Penal Law which would constitute a felony if the person had a previous conviction for a crime; (4) loitering (as defined under Penal Law, § 240.35, subd 3); (5) loitering for the purposes of engaging in prostitution (Penal Law, § 240.37).

. "§ 79-e. Return of fingerprints, palmprints and photographs. Upon the determination of a criminal action or proceeding against a person, in favor of such person, unless another criminal action or proceeding is pending against him or unless such person has previously been convicted in this state of a crime or of the violation of loitering, as defined in subdivision three of section 240.35 of the penal law or has previously been convicted elsewhere of any offense which would be deemed a crime or the violation of loitering, as defined in subdivision three of section 240.35 of the penal law if committed within the state, every photograph of such person and photographic plate or proof, palmprints and fingerprints taken or made of such person while such action or proceeding is pending by direction or authority of any police officer, peace officer, or any member of any police department, and all duplicates and copies thereof shall be returned on demand to such person or his representative, duly authorized in writing, who is an attorney admitted to practice law in New York state, by the police officer, peace officer or member of any police department having any such photograph, photographic plate or proof, copy or duplicate in his possession or under his control; and such police officer, peace officer or member of any police department failing to comply with the requirements hereof, shall be guilty of a misdemeanor.” (Italics added.)

. "§ 516. Return of finger prints and photographs. Upon the determination of a criminal action or proceeding against a person, in favor of such person, unless another criminal action or proceeding is pending against him or unless such person has previously been convicted in this state of a crime or of the offense of disorderly conduct or of being a vagrant or disorderly person or has previously been convicted elsewhere of any crime or offense which would be deemed a crime or the offense of disorderly conduct, vagrancy or being a disorderly person if committed within the state, every photograph of such person and photographic plate or proof and fínger prints taken or made of such person while such action or proceeding is pending by direction or authority of any police officer, peace officer or any member of any police department, and all duplicates and copies thereof shall be returned on demand to such person by the police officer, peace officer or member of any police department having any such photograph, photographic plate or proof, copy or duplicate in his possession or under his control; and such police officer, peace officer or member of any police department failing to comply with the requirements hereof, shall be guilty of a misdemeanor.” (Italics added.)

. This proceeding was terminated prior to September 1, 1976. The motion was made pursuant to CPL 160.50 (subd 3).

. The reference is specifically to the entire accusatory instrument, not just one or two charges contained therein.