Allen Beldock, J.
The defendant moves for an order pursuant to CPL 160.50 directing the sealing of the defendant’s record and the return of her fingerprints and photographs. She had originally been charged with a violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law of the State of New York, driving while intoxicated. Thereafter, and for purposes of disposition, the charge of disorderly conduct, a violation of section 240.20 of the Penal Law, was added to the information and the defendant entered a plea of guilty to the added charge of disorderly conduct, a violation, to cover the information. The sentence was a conditional discharge. The defendant contends that since the defendant entered a plea of guilty to a non-printable offense, the violation of disorderly conduct, she is entitled to the benefit of CPL 160.50 and the return of her fingerprints and photographs which were both taken when she was charged with the misdemeanor printable offense of driving while intoxicated. The posture of the defendant therefore is that the above facts of this case indicate that the termination of the criminal action or pro *978 ceeding against the defendant was in her favor within the provisions of CPL 160.50 so as to entitle her to the relief sought in this motion. She relies on the cases of People v Flores (90 Misc 2d 190), People v Miller (90 Misc 2d 399), and Dwyer v Guido (54 AD2d 956). In each of these cases the court ordered the return of defendant’s fingerprints and photographs and in People v Flores (supra), the papers were ordered sealed.
The fact that CPL 160.50 has been in effect less than one year (it became effective September 1, 1976) has apparently prompted my colleagues to seek to interpret its provisions in opinions in the Flores case (supra, opn by Judge Brown), the Miller case (supra, opn by Judge Golden) and in People v Casella (90 Misc 2d 442). In the last-mentioned case, the application for a return of fingerprints and photographs was denied. A study of the logic and reasoning reflected in the opinions in these cases leads this court to reject the conclusions reached in the Flores and Miller cases and adopt that reached in the Casella case. The crux of the issue in each of these cases is the interpretation to be given to the term "in favor of such person” as that phrase is contained in the subdivisions of CPL 160.50. The Legislature, however, seems to have removed from the court the need to interpret that phrase. CPL 160.50 (subd 2) specifically sets forth under what circumstances "a criminal action or proceeding against a person shall be considered terminated in favor of such person.” This subdivision lists seven such instances, none of which include a plea to a reduced and. lesser charge than that with which the defendant was initially charged. In this respect this statute differs from section 79-e of the Civil Rights Law which was the forerunner of CPL 160.50 and which was repealed upon the enactment of CPL 160.50. Section 79-e of the Civil Rights Law did not define under what circumstances a proceeding or action would be considered as being terminated in favor of a defendant. The Dwyer and Flores cases (supra), can be distinguished from the case at bar just as Judge Golden in the Miller case indicates that they are distinguishable from the Miller case. In Dwyer and Flores, it appears that the dockets and/or accusatory instruments on which prints and photographs were taken were dismissed and guilty pleas entered on separate non-printable accusatory instruments. Therefore it could be said that the dismissal of such accusatory instruments resulted in the proceedings on *979 those instruments being terminated favorably to the defendant. In the case at bar, however, as in the Miller case (supra), the plea of guilty was to a charge contained in the same accusatory instrument as contained the printable offense. Under such circumstances it cannot be said that the proceeding on that accusatory instrument was terminated favorably to the defendant since the termination was not one of the methods defined as favorable to a defendant in CPL 160.50 (subd 2). Furthermore, the Dwyer case was decided under section 79-e of the Civil Rights Law and did not involve CPL 160.50 and predated the adoption of CPL 160.50. Therefore, the Legislature had not yet defined the phrase "in favor of such person” and there was room for a court to interpret such phrase and look to the intent of the Legislature. Once the Legislature has explicitly and specifically set forth the circumstances under which a proceeding can be deemed terminated favorably to a defendant, there is no longer any room for judicial interpretation or to seek the intent of the Legislature. The intent is specifically set forth in this case in CPL 160.50 (subd 2). In such case the Legislature has mandated the meaning of "terminated in favor of such person” and the court is bound by such mandate. If the Legislature was guilty of an oversight, it is up to that body to correct it. Under the circumstances of the clear definitions of CPL 160.50 (subd 2) judicial action to fill a void, if one exists, would be unwarranted. Judge Golden recognizes the lack of statutory authority to grant the application of the defendant in the Miller case and seems to agree with the logic of this opinion but he succumbs to the reasoning of Judge Brown in the Flores case, who decided that case on what he deemed the intent of the Legislature. This court is of the opinion that such action is inserting an intent where there is a specific omission of any indication of such intent by the Legislature. If the Legislature intended a "plea down” to a non-printable offense to be a favorable termination for a defendant, it could have so stated in its listing of favorable termination in CPLR 160.50 (subd 2).
It should also be noted that prior to the adoption of CPL 160.50 there was authority for denial of the relief provided under section 79-e of the Civil Rights Law where a defendant pleaded guilty to a violation of section 240.20 of the Penal Law, disorderly conduct, a non-printable offense, after being charged with the printable offense of a violation of section 220.05 of the Penal Law. (See Galenson v Kirwan, 67 Misc 2d 535.)
*980 The application of the defendant for relief under CPL 160.50 is denied in all respects.