OPINION OF THE COURT
Max H. Galfunt, J.
Defendant moves pursuant to CPL 160.50 for an order sealing the records under Dockets Nos. Q-800720, 21 and 22, and for the return of his fingerprints and photographs.
The defendant was arrested on or about November 11, 1977, and was charged with the offenses of criminal impersonation, a class A misdemeanor (Penal Law, § 190.25), speeding, a *782 traffic infraction (Vehicle and Traffic Law, § 1180) and unlicensed driver, a traffic infraction (Vehicle and Traffic Law, § 509); each of the three charges stems from a single criminal action, but appears on three separate accusatory instruments and is separately docketed.
In the Criminal Court the defendant was arraigned on a separate docket for each of the offenses, instead of one docket with separate counts covering all three offenses. On April 19, 1978, the defendant in accordance with a plea negotiation agreed to by the District Attorney, entered a plea of guilty to Docket No. Q-800722, the charge of driving without a license. Said plea was also to cover Dockets Nos. Q-800720 and Q-800721, the other two offenses. In view of the plea taken on Docket No. Q-800722, the Assistant District Attorney dismissed the other two dockets and charges.
On the 15th day of June, 1978, defendant made a motion to seal the aforesaid three accusatory instruments on the ground that there had been a favorable termination in favor of the defendant.
On July 14, 1978, the court orally denied the defendant’s motion to seal and stated that a written opinion was to follow.
The issues raised here are these: Do the three charges represent one accusatory instrument or three separate accusatory instruments? If each represents separate accusatory instruments, should the accusatory instruments be sealed pursuant to CPL 160.50?
Immediately subsequent to the enactment of CPL 160.50, the question arose as to whether a plea of guilty to a violation, when the defendant was charged with a misdemeanor, would be deemed a termination in favor of the defendant which would result in the sealing of the accusatory instrument as provided in CPL 160.50.
Numerous decisions were rendered which purported to interpret the legislative intent concerning the phrase "termination of criminal action in favor of the accused.”
People v Hyll (90 Misc 2d 101) and People v Flores (90 Misc 2d 190) held that a plea of guilty to a violation in satisfaction of a misdemeanor charge was a favorable termination. However, in People v Casella (90 Misc 2d 442) and People v Blackman (90 Misc 2d 977) the contrary position was taken, that plea of guilty to a violation to satisfy a misdemeanor charge was not a termination in favor of the accused.
*783 Thereafter, on August 11, 1977, the Legislature amended the language in CPL 160.50 to read "entire accusatory instrument” when referring to a dismissal of a contained charge. Now there can be no doubt that that entire accusatory instrument must be dismissed in order to have a favorable termination. A plea to any charge contained therein, or added thereto, does not fall within the purview of CPL 160.50. (Emphasis added.)
Therefore, with respect to Docket No. Q-800722, wherein the defendant pleaded guilty to driving without a license, the proceeding was not dismissed and the accusatory instrument was not terminated in defendant’s favor; hence there can be no sealing. (CPL 160.50.)
The issue now arises as to whether the accompanying charges on separate dockets, which were dismissed in consideration of the plea of guilty heretofore mentioned, are to be sealed.
An accusatory instrument is defined in CPL 1.20 (subd 1). It states that an "accusatory instrument” means an indictment or information, a simplified traffic information, a prosecutor’s information, a misdemeanor complaint or a felony complaint.
As stated, each offense here was arraigned on a separate docket (for certain procedural aspects). Each offense had its own docket number. Do the three offenses here constitute three separate accusatory instruments?
This is a case of first impression. This court has researched the law and has found no decision directly on point with the issue before it.
This court is of the opinion that all the charges should be considered as one transaction and one offense with multiple charges. There is no question but that if the offenses were set forth in separate counts, in one accusatory instrument, a plea to one charge would not be interpreted as a favorable termination of the accusatory instrument with relation to the dismissed counts (see People v Casella, 90 Misc 2d 442, supra; People v Blackman, 90 Misc 2d 977, supra; People v Rockwell, NYLJ, Sept. 20, 1977, p 10, col 1).
The fortuitous circumstance in the instant case wherein separate dockets and accusatory instruments were prepared, for whatever reason prompted same, is of no consequence where all the charges resulted from one transaction and one arrest.
*784 The situation here is not a "termination in favor of the defendants.” A thorough examination of CPL 160.50 (subd 2) does not cover the situation before this court and reveals that the situation presently before this court is not deemed "a favorable termination”. (CPL 160.50, subd 2.)
Thus, a reading of subdivision 2 specifically sets forth those conditions that constitute a favorable termination. With this very comprehensive list (reflecting the finality of the "dismissal/ acquittal” determination under the majority of cases decided under Penal Law, § 516 of 1909 and the Civil Rights Law, § 79-e), this court sees no need to interpret the very specific enactment of the Legislature, for resort is had to the rules for the interpretation of statutes only when it is necessary to apply them to ascertain the meaning of a statute. "When the meaning of a statute is clear, construction is unnecessary; in such a case, it is the duty of the court to carry out the express legislative intent, not to read a different intent into the law by the aid of the canons of construction.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 91; emphasis added.)
The termination in favor of a defendant, then, cannot be a plea of guilty to an infraction to cover a misdemeanor. Indications we have discussed above and CPL 160.50 (subd 2) make this obvious.
Immediately subsequent to CPL 160.50, the Practice Commentary (Bellacosa, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 160.50, Pocket Part [1977-1978], p 245) states: "This entirely new section codifies, for the first time, the requirements for return of photographs and fingerprints and like records to finally exonerated accuseds.” (Emphasis added.)
In People v Flores (90 Misc 2d 190, 194, supra) the Governor’s message accompanying the bill passing the legislation for CPL 160.50 states: " 'The bill * * * is designed to protect the rights of individuals against whom criminal charges have been brought, but which did not ultimately result in a conviction’.” (Emphasis added.)
A conviction is defined as an "entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than felony complaint, or to one or more counts of such instrument.” (CPL 1.20, subd 13.) It becomes more obvious that pleading guilty to a violation does ultimately result in a conviction. CPL 160.60 reinforces this point.
*785 To be convicted of an infraction instead of a misdemeanor is of course beneficial because the penalties are less. (People v Rockwell, NYLJ, Sept. 20, 1977, p 10, col 1, supra.) But, conviction of an infraction is not a "nullity,” nor is a defendant restored to the status he occupied before the arrest and prosecution. An infraction is still an offense (Penal Law, § 10.00).
Thus while the situation before us involves three separate accusatory instruments, it involves only one criminal proceeding.
The two dismissals cannot be viewed in terms of separate accusatory instruments. All three are viable in terms of CPL 160.50, in that the plea "covered” all three.
Procedurally, the charges were on three separate accusatory instruments, but the terms of the plea make the three accusatory instruments, for the purposes of CPL 160.50, one instrument.
In conjunction with CPL 160.50, we must consider CPL 160.60. CPL 160.60 states: "Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision two of section 160.50 of this chapter, the arrest and prosecution shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution. The arrest or prosecution shall not operate as a disqualification of any person so accused to pursue or engage in any lawful activity, occupation, profession, or calling.” (Emphasis added.)
Certainly, the arrest and prosecution here are not deemed a nullity and the defendant’s status is not the same as he occupied before this arrest. He did plead guilty to the traffic infraction and was sentenced. Obviously, the defendant has not been returned to the status quo before the arrest.
Should this matter have gone to trial, all the charges would have been tried jointly as required by statute, CPL 200.20 (subd 2, par [a]), or any charge not so joined would consequently be barred thereafter. (CPL 40.40; Ashe v Swenson, 397 US 436.)
In People v Montone (82 Misc 2d 234), two separate simplified traffic informations were filed and both in two separate and distinct forums, charging the defendant with two offenses which arose from the same criminal transaction, i.e., speeding and a violation of subdivision 1 of section 1192 of the Vehicle *786 and Traffic Law. The defendant took a plea in another court to a violation to cover the speeding violation. The defendant then moved to dismiss the violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law. The court in granting the motion stated (People v Montone, supra, p 237): "The court is well aware that the simplified form prescribed by the Commissioner of Motor Vehicles as a 'simplified traffic information’ in fact permits only one violation to be charged on each form regardless of the Criminal Procedure Law provisions which provide for more than one offense to be charged on each instrument (see CPL 100.10, subd 2, par [a]; Vehicle and Traffic Law, § 207; 15 NYCRR Part 91). Nevertheless various charges would, under the circumstances enumerated in CPL 200.20 be joinable for trial. (See, also, CPL 100.45, subd 1.) The filing of two separate 'simplified traffic informations’ in two separate and distinct forums, charging the defendant with two offenses which arose from the same criminal transaction, in fact constitutes separate prosecutions, and upon a plea of guilty to one, dismissal of the second is mandated, pursuant to the rules enunciated in CPL 40.40 ” (Emphasis added.)
Therefore, all crimes arising out of the same transaction should be included in one indictment, are joinable and should be tried together. (People v Rudd, 41 AD2d 875; People v Butor, 75 Misc 2d 558; CPL 200.20, subd 2, par [a].)
Our Court of Appeals has recently stated that "no matter the number of statutory offenses technically violated, or the number of jurisdictions involved, an accused is not to suffer repeated prosecution for the same general conduct”. (People v Abbamonte, 43 NY2d 74, 81-82; see, also, Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County, 37 NY2d 560.)
Thus it is indisputable that these separate dockets are to be treated as a unit and one accusatory instrument.
All three offenses are drawn together by the nexus and procedural aspects of plea negotiations. The plea was given to cover all three offenses. The misdemeanor and traffic infraction were not dismissed on the merits, nor for any condition set forth in CPL 160.50 (subd 2).
The court also takes cognizance of the impossibility of separating and sealing one facet of the arrest from the remaining charges as they appear on the arrest and fingerprint records.
Therefore, it is the conclusion of this court that a plea to an *787 infraction to "cover” all three offenses constitute the entirety of a "criminal action or proceeding” within the concept as defined in CPL 160.50 (see, also, People v Casella, 90 Misc 2d 442, supra; Matter of Galenson v Kirwan, 67 Misc 2d 535). There was no cessation or dismissal of the criminal action when the defendant pleaded to "cover” all three offenses, and there was no favorable termination as to any of the three instruments as provided in CPL 160.50 (subd 2).
The motion to seal pursuant to CPL 160.50 is denied.