OPINION OF THE COURT
James F. Niehoff, J.
In this proceeding under CPLR article 78, petitioner seeks judgment pursuant to the provisions of CPL 160.50 requiring respondent (a) to order the return of his fingerprints, palmprints and photographs and (b) to order the sealing of all official records relating to his arrest.
The facts are not in dispute.
The petitioner Neal J. Gartenberg was arrested by the Nassau County Police Department on January 17, 1978 and charged with two misdemeanors, to wit: (1) fraud and deceit in violation of section 3397 (subd 1, par [a], cl [iii]) of the Public Health Law of the State of New York and (2) criminal possession of a controlled substance in the seventh degree in violation of section 220.03 of the Penal Law of the State of New York.
On January 18, 1978 the petitioner entered a plea of not guilty to both of the above charges. Thereafter, on April *114 6, 1978 he returned to court and as a result of a plea bargain he withdrew his earlier not guilty plea and interposed a plea of guilty to a violation, namely, public intoxication under section 240.40 of the Penal Law entitled “Appearance in public under the influence of narcotics or a drug other than alcohol” in satisfaction of the Penal Law charge. At the same time the Public Health Law charge was dismissed in satisfaction of the guilty plea to the amended charge of public intoxication.
The petitioner was fined $50 and sentenced to a conditional discharge for a period of one year.
Upon a motion made in District Court Judge Mellan denied the relief sought by the defendant (petitioner) under CPL 160.50, holding that the amendment of a misdemeanor charge to a violation, to which the petitioner pleaded guilty, was not a favorable termination of a criminal proceeding under the aforesaid statute. An appeal from Judge Mellan’s determination was dismissed by the Appellate Term on February 15, 1980 with the court stating that “Defendant’s remedy appears to be a proceeding pursuant to CPLR Article 78.”
Although it is argued in the memorandum submitted on respondent’s behalf that the instant proceeding is time barred under CPLR 217, respondent has neither moved for dismissal of the petition on that ground nor has he pleaded the Statute of Limitations as a defense in his answer. He has, therefore, waived said claim.
Turning to the merits of this proceeding the court notes that CPL 160.50 sets forth the requirements for the return of photographs and fingerprints and like records to finally exonerated accuseds. In order to be eligible for the benefits conferred by the statute there must be a final termination of the underlying criminal action or proceeding in favor of the accused. CPL 160.50 (subd 2) sets forth the 11 situations which are to be considered terminations in favor of the accused. They include dismissals of accusatory instruments, acquittals and the vacatur of judgments.
The paragraph of CPL 160.50 applicable to the case at bar is paragraph (h) of subdivision 2 of the statute. Interestingly enough, the statute contains two paragraphs en *115 titled (h). The pertinent paragraph (h) reads as follows: “For the purposes of subdivision one of this section, a criminal action or proceeding against a person shall be considered terminated in favor of such, person where * * * (h) [see, also, par (h) below] (i) The accusatory instrument alleged a violation of article two hundred twenty or section 240.36 of the penal law, prior to the taking effect of article two hundred twenty-one of the penal law, or a violation of article two hundred twenty-one of the penal law; (ii) the sole controlled substance involved is marijuana; (iii) the conviction was only for a violation or violations; and (iv) at least three years have passed since the offense occurred.”
A simple reading of the above-quoted paragraph (h) leads to the inescapable conclusion that this CPLR article 78 must be dismissed.
As noted above, the petitioner Neal J. Gartenberg was initially charged with two misdemeanors including a violation of article 220, to wit: section 220.03 of the Penal Law, criminal possession of a controlled substance in the seventh degree. According to the District Court information and the scientific investigation bureau report annexed thereto the controlled substance in question was 20 methaqualone tablets. That being so, it is abundantly clear that criterion (ii) set forth above, namely, that “the sole controlled substance involved is marijuana”, is not fulfilled herein and that, therefore, Mr. Gartenberg’s plea of guilty to a violation does not constitute a termination in his favor as envisioned by the statute.
Even if the court were to assume, arguendo, that the Legislature somehow intended nonmarihuana related offenses to be included in paragraph (h) (contrary to the clear language of the statute), this proceeding would have to be dismissed as premature in that the three-year time requirement set forth in criterion (iv) above has not yet passed.
As mentioned above, Judge Mellan denied relief to Mr. Gartenberg on the basis of his finding that the accused’s guilty plea to the violation in satisfaction of the misdemeanor charges did not constitute a favorable termination. Herein, the petitioner again raises the argument to the effect that a guilty plea to a violation in satisfaction of a *116 misdemeanor charge or charges is a favorable determination of a criminal proceeding under- the statute. Briefly, it is petitioner’s argument that he was convicted of an unprintable offense — a violation — and since, if initially charged with the violation to which he pleaded guilty he would not have been photographed, fingerprinted, etc., he should not be prejudiced by the retention of the elements of arrest usually attachable to printable offenses with which he was originally charged when in fact he was not found guilty of a printable offense. Not surprisingly, the respondent argues to the contrary. To be sure, there is authority for both the proposition that a plea down to a violation entitles one to relief under CPL 160.50 (People v Robertson, 97 Misc 2d 1026) and for the proposition that a plea of guilty to a violation does not bring the convicted person within the purview of the section (People v Ebner, 95 Misc 2d 781; People v Casella, 90 Misc 2d 442). Indeed, the need for clarification in this area was noted in the 1977 Supplementary Practice Commentary of Joseph W. Bellacosa (see McKinney’s Cons Laws of NY, Book 11 A, CPL 160.50, 1979-1980, Cumulative Annual Pocket Part, p 328).
While the above issue is an interesting one which undoubtedly could use some clarification under the appropriate factual situation, this case does not present such a situation. Criterion (iii) of paragraph (h), the paragraph dealing with drug related offenses, makes specific provision for a conviction for a violation. In fact, in order to obtain the benefits of CPL 160.50, paragraph (h) requires that the ultimate conviction, be it by trial or plea bargain, be only for one or more violations. Hence, the petitioner is correct in arguing that a plea to a violation does not constitute an automatic bar to his invoking the statute. However, the additional criteria set forth in the paragraph must be met before the conviction of a violation can be treated as a favorable termination of his criminal proceeding in the District Court. Inasmuch as they have not been met petitioner is not entitled to the relief he seeks in this proceeding.
In sum, it is not for this court to ignore the plain language of CPL 160.50 and to bestow on the petitioner a benefit the Legislature chose to withhold from persons in his situation.
*117 For the above-stated reasons, it is the decision of the court that the respondent is entitled to enter judgment dismissing this proceeding on the merits (CPLR 7806).