OPINION OF THE COURT
Eli H. Mellan, J.
This is a motion for an order pursuant to CPL 160.50 directing the Clerk of the District Court to serve upon the Commissioner of Criminal Justice Services, Police Commissioner, etc., including all law enforcement agencies an order directing return of photographs, police records, fingerprints, etc. This is the third time that this court has considered the same application. Perhaps defendant and his attorney are justifiably persistent.
This court originally decided by order dated July 2,1979, that the within motion should be denied. In the original decision (see NYLJ, Aug. 16,1979, p 12, col 4), the court held in essence that where a defendant is originally charged with a printable offense, and subsequently, by virtue of plea bargaining pleads to a nonprintable offense, under the law as it then existed under CPL 160.50 which required return of fingerprints, photographs, etc., after a “favorable termination”, the defendant would not be entitled to the return of all of the foregoing, or the sealing of the record. The court stated in that decision as follows:
“As is further stated in the Miller case [People v Miller, 90 Misc 2d 399] it is clear that legislative clarification is *660 required with regard to situations such as the instant case, as well as in other problem areas that section 160.50 presently presents. Nevertheless whether clarification be indicated or not, it is not for the court to assume the legislative functions of changing the statutory provisions or interpreting legislative intent where the language of the law is clear and specific.”
Subsequent to the said decision, and upon appeal by defendant, the Appellate Term sustained the court’s point of view.
Thereafter the defendant commenced an article 78 proceeding against the court (Matter of Gartenberg v Mellan, 106 Misc 2d 113) seeking to compel by mandate of the court the Judge to order the return of the fingerprints, palm-prints, photographs, etc., and to order the sealing of all official records. By decision dated July 8,1980, the Supreme Court dismissed the proceeding on the merits, and again sustained the court’s action herein.
Since that date, and as was urged in the original decision, the Legislature enacted a new CPL 160.55 which directs the return of photographs, palmprints, fingerprints, etc., and the sealing of records in all convictions of violations, or in other words, nonprintable offenses, and no longer hinges on the original language requiring an interpretation of what was a favorable termination of the proceedings for the defendant. The law became effective September 1, 1980 (L 1980, ch 192), which of course was after the date of this defendant’s conviction.
Subdivision 2, however, of CPL 160.55, the newly enacted law, states that where a person against whom a criminal action or proceeding was terminated by conviction of a traffic infraction or violation prior to the effective date of that section, that person may upon motion to the court upon not less than 20 days’ notice to the District Attorney, move for an order granting the relief referred to therein; and that such an order should be granted unless the District Attorney demonstrates to the satisfaction of the court that the interest of justice requires otherwise.
The District Attorney herein argues in opposition to the within motion in that at the time the plea bargaining was *661 effectuated in the instant case the present law did not exist. Had the law been in existence, the People would have insisted upon a waiver of the sealing rights as is currently the policy of the District Attorney’s office, as part of the plea bargaining. The court cannot delve into the retrospective intentions which may have been included in the negotiations prior to the enactment of this law. The new law specifically states that such applications should be granted even for prior convictions unless the District Attorney demonstrates to the satisfaction of the court that in the interest of justice they require otherwise. More has to be shown to the court in each specific case for this court to avoid the consequences dictated by the newly enacted provisions, since the court must assume that the Legislature in making this provision retroactive would have considered that plea bargaining of prior matters may possibly have been dealt with differently although one cannot say positively what would have been the respective positions at the time without the new law being in effect.
Therefore the court finds that notwithstanding the fact this motion was made pursuant to CPL 160.50, this should be granted under CPL 160.55 (subd 2) in accordance with the foregoing, and the clerk of the court is directed to prepare an order in compliance with the foregoing decision.
It is indeed a credit on behalf of the attorney for the defendant that they have demonstrated this extent of persistence which is entirely understandable and commendable.