OPINION OF THE COURT
Marjorie L. Byrnes, J.
The above matter is before the court pursuant to defendant Robert J. Schleyer’s notice of motion and motion to seal records (CPL 160.50 [4]). Defendant is incarcerated at Groveland Correctional Facility, Sonyea, New York, and filed this pro se motion on May 16, 2002. Due to defendant’s incarceration and, *114 upon a review of court records, this court sua sponte assigned the Monroe County Public Defender’s Office to represent defendant. The court forwarded copies of motion papers to the Monroe County District Attorney’s Office and the Monroe County Public Defender’s Office and calendared oral argument on the motion for July 11, 2002.
Defendant moves for an order sealing certain Rochester City Court records reflecting two criminal charges that date from 1989: criminal trespass in the second degree (Penal Law § 140.15) and attempt to commit the crime of grand larceny in the fourth degree (Penal Law §§ 110.00, 155.30 [1]). Both charges arise out of an incident that is alleged to have occurred on January 25, 1989. The accusatory instrument charging these misdemeanors was originally a felony complaint that charged defendant with burglary in the second degree (Penal Law § 140.25 [1]) and grand larceny in the fourth degree (Penal Law § 155.30 [1]). Defendant was arraigned on the felony complaint on January 27, 1989; the charges were thereafter amended to the afore-described misdemeanors on April 13, 1989. Thereafter, then Rochester City Court Judge Joseph Valentino, with the consent of the District Attorney’s Office, “satisfied” and dismissed the charges based upon defendant’s plea to an unrelated crime in Irondequoit Justice Court. The Rochester City Court file is marked “TIS” (taken in satisfaction).
Defendant contends that a charge “satisfied” by a plea in another court is a termination of a criminal action in favor of the accused pursuant to CPL 160.50. Upon an adjudication in favor of the accused, the law requires that all records must be sealed unless the District Attorney demonstrates that “the interests of justice require otherwise” (CPL 160.50 [1]). The records in this matter are not presently sealed.
It should be noted that the mechanism for triggering the sealing, prior to the 1991 amendment, provided that the court was to enter an order to be served by the clerk of the court; the 1991 amendment eliminated the need for a judicial order to effectuate the sealing of records (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 160.5, at 713).
The People oppose defendant’s motion and assert that CPL 160.50 and 160.55 must be strictly construed. Put another way, they argue: “Criminal charges which are ‘satisfied’ by a disposition on a separate charge are not terminated in defendant’s favor * * * “ (answering affirmation of Assistant District Attorney Kelly Wolford, para 4). Therefore, the People *115 contend that the court must deny defendant’s motion to seal the records.
It has long been recognized that the public has a right of access to court records (see, e.g., Nixon v Warner Communications, 435 US 589, 597-599; Matter of Newsday, Inc. v Sise, 71 NY2d 146; People v Burton, 189 AD2d 532, 533; Matter of Anonymous, 174 Misc 2d 333). This right, however, is not absolute and in certain limited situations, authorized by statute, court records are “sealed” (see, e.g., CPL 160.50 [action terminated in favor of the accused], 160.55 [conviction for noncriminal offense], 190.25 [4] [grand jury proceedings]; 390.50 [presentence reports], 720.35 [2] [youthful offender adjudication]; 725.15 [removal to Family Court]).
CPL 160.50 requires records be sealed where the criminal action is terminated in favor of the accused. A criminal action is terminated in favor of the accused where:
“(a) an order dismissing the entire accusatory instrument against such person pursuant to article four hundred seventy was entered; or
“(b) an order to dismiss the entire accusatory instrument * * * was entered * * * ; or
“(c) a verdict of complete acquittal was made * * *; or
“(d) a trial order of dismissal * * * was entered * * * ; or
“(e) an order setting aside a verdict * * * was entered * * * ; or
“(f) an order vacating a judgment * * * was entered * * * ; or
“(g) an order of discharge * * * was entered * * * ; or
“(h) where all charges against such person are dismissed pursuant to CPL 190.75 * * * ; or
“(i) prior to the filing of an accusatory instrument * * * , the prosecutor elects not to prosecute such person * * * ; or
“(j) following the arrest of such person, the arresting police agency, prior to the filing of an accusatory instrument in a local criminal court * * * elects not to proceed further. * * *
“(Z) an order dismissing an action pursuant to section 215.40 of this chapter was entered.” (CPL 160.50 [3].)
*116 The Legislature was very specific and explicitly spelled out with particularity in CPL 160.50 those instances that will be deemed a determination in favor of an accused. The Legislature’s intent is clear and unambiguous; there is no room for judicial interpretation (People v White, 169 Misc 2d 89; People v Ryan, 127 Misc 2d 138, 141; People v Blackman, 90 Misc 2d 977; People v Casella, 90 Misc 2d 442). Pursuant to the rules of statutory construction, this court is bound by the plain, clear and unambiguous language of the statute (see, e.g., People v Finnegan, 85 NY2d 53; People v Correa, 248 AD2d 630; McKinney’s Cons Laws of NY, Book 1, Statutes § 240).
In this case, the charges that defendant seeks to have sealed were “satisfied” by a guilty plea in Irondequoit Justice Court pursuant to CPL 220.30 (3) (a) (ii). This disposition was merely a plea bargain in which defendant pleaded guilty to one crime and, in return, the District Attorney’s Office agreed not to prosecute defendant for additional crimes that were pending in the Rochester City Court.
Because this disposition is not specifically enumerated in CPL 160.50 as a disposition constituting a termination in favor of the accused, it is not for this court to ignore the plain language of the statute to bestow upon defendant a benefit that the Legislature chose to withhold from persons in his situation; accordingly, this court concludes that defendant does not have a statutory right to have the records sealed and his motion to seal the records must be denied.
Defendant’s motion to seal the above-noted records is denied.