OPINION OF THE COURT
Howard S. Miller, J.
The defendant moves pro se for an order pursuant to CPL 160.50 sealing the record of this action, in which the defendant was charged with a violation of Penal Law § 155.25. The record *296 shows that this action was dismissed, as part of a plea bargain, in consideration of a guilty plea in a companion docket, 001954/ 97. In the latter docket, the defendant pleaded guilty to another charge of violating Penal Law § 155.25, a class A misdemeanor, for which the defendant received a sentence of seven months’ incarceration. The defendant is currently incarcerated, as a result of other charges, at the Sullivan County Correctional Facility.
The question which arises on this motion is whether the guilty plea in the companion docket, as part of a plea bargain, prevents the dismissal of this action from being a termination of this action in favor of the accused, within the meaning of CPL 160.50 (1). The court finds guidance on that issue in the case of People v Casella (90 Misc 2d 442 [Crim Ct, Richmond County 1977]).
Casella was a case decided after the initial enactment of CPL 160.50, but before the enactment of CPL 160.55. The question arising in that case was whether a plea bargained guilty plea on a violation charge (a nonprintable offense) constituted a termination in favor of the accused on the original (printable) misdemeanor charge. The court reasoned that since such a disposition was not on the specific list of terminations in favor of the accused in (then) CPL 160.50 (2), which is now CPL 160.50 (3), a plea bargained guilty plea to a violation charge was not a termination in favor of the accused as a matter of statutory construction. Justice Galfunt added that “Plea bargaining constitutes a waiver of [fundamental constitutional rights] * * * It is not a termination of the criminal proceeding in favor of the defendant.” (90 Misc 2d at 452.) Perhaps as a result of Casella and similar cases, CPL 160.55 was later added to the CPL to give certain limited sealing rights to defendants who were allowed to plead down to a violation.
Applying the Casella reasoning to the instant case, CPL 160.50 (3) does not include (among the list of favorable determinations) dismissal of an accusatory instrument in consideration of a plea bargained guilty plea to a similar charge on another docket. Sealing is in derogation of the public’s right to know about government actions. Therefore, the statute permitting sealing must be strictly construed, and the list in CPL 160.50 (3) must be considered an exclusive list. For that reason, a plea bargained dismissal in a case such as this one cannot be considered a termination in favor of the accused within the meaning of CPL 160.50 (1). (See People v Schleyer, 192 Misc 2d 113 [Rochester City Ct 2002] [where the same *297 result was reached even when the plea bargain involved charges pending in two different courts].)
Such a result also passes the commonsense test. The purpose of sealing is to prevent a criminal charge from sullying the reputation of a person who ultimately is not found guilty of a charge. This defendant, who pleaded guilty in this court to a similar charge as part of the plea bargain and who is now incarcerated on further charges, is hardly someone who can claim to have a sullied reputation as the sole result of the charge in this case. His fingerprints are already a matter of record with law enforcement. Sealing the record in this case would have little practical significance to such a defendant but would be in derogation of the public’s access to data about plea bargains.
The defendant’s motion is denied.