■ RICHARD J. DWYER, Respondent, v DANIEL P. GUIDO, as Commissioner, Nassau County Police Department, Appellant.—In a proceeding pursuant to CPLR article 78 to compel the Commissioner of the Nassau County Police Department to return to petitioner his fingerprints and photographs which were taken upon his arrest, the appeal is from a judgment of the Supreme Court, Nassau County, dated May 21, 1976, which, *inter alia,* directed the commissioner to return the fingerprints and photographs pursuant to former section 79-e of the Civil Rights Law. Judgment affirmed, with $50 costs and disbursements. On March 8, 1975 petitioner was arrested and charged with harassment, a violation (Penal Law, § 240.25, subds 1, 2), resisting arrest, a class A misdemeanor (Penal Law, § 205.30), and violating section 1157 of the Vehicle and Traffic Law, a traffic infraction. Petitioner's fingerprints and photographs were taken because of the misdemeanor charge (see CPL 160.10). On December 1, 1975, in the Nassau County District Court, petitioner pleaded guilty to harassment, was fined $75, paid the fine, and the other charges were dismissed. He then requested that the police commissioner return the fingerprints and photographs pursuant to former section 79-e of the Civil Rights Law, which provided:* *"Upon the determination of a criminal action or proceeding against a person, in favor of such person, unless another criminal action or proceeding is pending against him* or unless such person has previously been convicted in this state of a crime or of the violation of loitering, as defined in subdivision three of section 240.35 of the penal law or has previously been convicted elsewhere of any offense which would be deemed a crime or the violation of loitering, as defined in subdivision three of section 240.35 of the penal law if committed within the state, every photograph of such person and photographic plate or proof, palmprints and *fingerprints* taken or made of such person while such action or proceeding is pending by direction or authority of any police officer, peace officer, or any member of any police department, and all duplicates and copies thereof *shall be returned* on demand to such person or his representative, duly authorized in writing, who is an attorney admitted to practice law in New York state, by the police officer, peace officer or member of any police department having any .such photograph, photographic plate or proof, copy or duplicate in his possession or under his control; and such police officer, peace officer or member of any police

---

* Sections 1 and 2 of chapter 877 of the Laws of 1976 (eff Sept. 1, 1976), *inter alia,* added CPL 160.50 and 160.60 and repealed section 79-e of the Civil Rights Law. The return of one's fingerprints is now governed by CPL 160.50.

department failing to comply with the requirements hereof, shall be guilty of a misdemeanor" (emphasis supplied). Special Term granted the petition, stating, in part: "This Court is unable to accept respondent's reasoning. There was a disposition of all three charges simultaneously, and petitioner is entitled to the return of his photographs and fingerprints, the only charge of which he was convicted being a violation and not a crime." We agree. Only the charge of resisting arrest, a misdemeanor, permitted the police to take petitioner's fingerprints and photographs. The dismissal of that charge was certainly a favorable and final determination in favor of petitioner. Further, appellant's argument that the existence of the harassment conviction precluded the return of the fingerprints and photographs could lend itself to abuse. A defendant could be charged with an offense for which he could be fingerprinted and, even though the charge is ultimately reduced to an offense for which he could not be fingerprinted (e.g., a violation), it would inflict upon him the permanent scar of criminal fingerprint and photographic records. Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.