Morton Weissman, J.
Defendants move pursuant to CPL 160.50 for return of their photographs and fingerprints.
This court has before it five cases in which the facts and issues are essentially identical. In each case the defendant was arrested and charged with the misdemeanor of driving while intoxicated in violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law. In each case on motion of the People the information was amended to add the violation of driving while impaired in violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law and when a plea of guilty was *102 entered and accepted by the court to this charge the driving while intoxicated was dismissed.
The defendants now move pursuant to CPL 160.50 for the return of the photographs and fingerprints. The People oppose the applications contending that the termination of the criminal action was not in favor of the accused as defined within CPL 160.50 (subd 2) and that CPL 160.50 was not intended by the Legislature to apply to the situation when a plea to a lesser offense is accepted in satisfaction to another offense.
This question is not a question of first impression in this jurisdiction. In the recent case of People v Smith (Dist Ct, Suffolk County, March 24, 1977, Lama, J.), it was held that a plea of guilty to a violation in satisfaction of a misdemeanor constituted a termination in favor of the accused under CPL 160.50 entitling the defendant to the return of his photographs and fingerprints.
This question was also considered by the Appellate Division of this department under former section 79-e of the Civil Rights Law and was resolved in favor of the defendant. (Dwyer v Guido, 54 AD2d 956.) This decision, however, is not a controlling precedent since section 79-e of the Civil Rights Law was recently repealed and replaced by CPL 160.50. (L 1976, ch 877, eff Sept. 1, 1976.) Former section 79-e of the Civil Rights Law did not prescribe when an action is terminated in favor of the accused.
It is this court’s opinion that a plea of guilty to a violation in satisfaction of a misdemeanor charge constitutes a termination in favor of an accused as defined within CPL 160.50 (subd 2) and that the Legislature intended this result when it enacted CPL 160.50.
CPL 160.50 was "designed to protect the rights of individuals against whom criminal charges have been brought, but which did not ultimately result in a conviction.” (See Governor’s memoranda on approving L 1976, ch 877, McKinney’s Session Laws of N. Y., p 2451.) In his memoranda the Governor stated: "This legislation is consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law.” Since the prosecution of this action did not ultimately result in a conviction of the criminal charge, this court finds no reason why the defendant should suffer any adverse consequences merely on the basis of the accusation. *103 Clearly, the legislation as indicated by the Governor’s memoranda was intended to protect an individual under these circumstances.
Furthermore, as defined within CPL 160.50 (subd 2) the action was terminated in favor of the accused. When a defendant pleads guilty to one count of an information the entire information is disposed of. (CPL 220.30, 340.20.) This conviction for the one offense constitutes an acquittal of all the other offenses charged in the information and bars any subsequent prosecution for the other offenses charged. (People v Romer, 38 AD2d 757, affd 31 NY2d 919; People v Griffin, 7 NY2d 511.) Accordingly, when the court accepted the plea to the violation, a legal impediment to conviction for the criminal charge was created and consequently the criminal charge was dismissed pursuant to CPL 170.30 (subd 1, par [g]). A dismissal of a criminal charge pursuant to CPL 170.30 (subd 1, par [g]) is a termination in favor of the accused as defined within CPL 160.50 (subd 2, par [b]). Therefore, the defendants are entitled to the return of their fingerprints and photographs. (CPL 160.50, subd 1.)