Richard A. Brown, J.
The defendant moves for an order directing the sealing of all records herein and the return of all fingerprints and photographs taken at the time of his arrest.
On July 5, 1976, defendant was arrested and charged with violation of section 120.25 of the Penal Law, reckless endangerment (a class D felony) in that he allegedly drove a motor vehicle at an excessive rate of speed onto a sidewalk almost striking a number of pedestrians. The defendant was also charged with various traffic infractions arising out of the same incident. He was fingerprinted and photographed pursuant to the statutory authority of CPL 160.10.
On July 7, 1976, defendant entered pleas of guilty to various traffic infractions, to wit: section 1102 of the Vehicle and Traffic Law (failure to comply with the lawful direction of a police officer), section 1180 of the Vehicle and Traffic Law (driving at an excessive rate of speed) and section 30-C-l of the Traffic Regulations (failure to stop for a red light). Said pleas covered all of charges against the defendant, including the felony charge of reckless endangerment, and all other charges were dismissed. Defendant was fined the sum of $150 and said fine has been paid.
*191 Thereafter, defendant, who had never been convicted of a crime, made application to the Police Commissioner of the City of New York for return of his fingerprints and photographs pursuant to section 79-e of the Civil Rights Law which provided as follows:
"Upon the determination of a criminal action or proceeding against a person, in favor of such person, unless another criminal action or proceeding is pending against him or unless such person has previously been convicted in this state of a crime or of the violation of loitering, as defined in subdivision three of section 240.35 of the penal law or has previously been convicted elsewhere of any offense which would be deemed a crime or the violation of loitering, as defined in subdivision three of section 240.35 of the penal law if committed within the state, every photograph of such person and photographic plate or proof, palmprints and fingerprints taken or made of such person while such action or proceeding is pending by direction or authority of any police officer, peace officer, or any member of any police department, and all duplicates and copies thereof shall be returned on demand to such person or his representative, duly authorized in writing, who is an attorney admitted to practice law in New York state, by the police officer, peace officer or member of any police department having any such photographs, photographic plate or proof, copy or duplicate in his possession or under his control”.
Said request was, however, denied by the Police Commissioner upon the ground that return of fingerprints and photographs is now covered by CPL 160.50 and 160.60 which was added by chapter 877 of the Laws of 1976, effective September 1, 1976, which repealed section 79-e of the Civil Rights Law, and which provides:
"§ 160.50 Order upon termination of criminal action in favor of the accused.
"1. Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision two of this section, unless another criminal action or proceeding is pending against such person, or unless the district attorney upon motion with not less than five days notice to such person or his attorney demonstrates to the satisfaction of the court that the interests of justice require otherwise, the court wherein such criminal action or proceeding was terminated shall enter an order, which shall immedi *192 ately be served by the clerk of the court upon the commissioner of the division of criminal justice services and upon the heads of all police departments and other law enforcement agencies having copies thereof, directing that:
"(a) every photograph of such person and photographic plate or proof, and all palmprints and fingerprints taken or made of such person pursuant to the provisions of this article in regard to the action or proceeding terminated, and all duplicates and copies thereof, shall forthwith be returned to such person, or to the attorney who represented him at the time of the termination of the action or proceeding, at the address given by such person or attorney during the action or proceeding, by the division of criminal justice services and by any police department or law enforcement agency having any such photograph, photographic plate or proof, palmprint or fingerprints in its possession or under its control; * * * (c) all official records and papers other than court decisions relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor’s office be sealed and not made available to any person or public or private agency; * * *
"3. A person in whose favor a criminal action or proceeding was terminated, as defined in subdivision two of this section, prior to the effective date of this section, may upon motion apply to the court in which such termination occurred, upon not less than twenty days notice to the district attorney, for an order granting to such person the relief set forth in subdivision one of this section, and such order shall be granted unless another criminal action or proceeding is pending against him, or unless the district attorney demonstrates to the satisfaction of the court that the interests of justice require otherwise.
"§ 160.60 Effect of termination of criminal actions in favor of the accused. Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision two of section 160.50 of this chapter, the arrest and prosecution shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution. The arrest or prosecution shall not operate as a disqualification of any person so accused to pursue or engage in any lawful activity, occupation, profession, or calling. Except where specifically *193 required or permitted by statute or upon specific authorization of a superior court, no such person shall be required to divulge information pertaining to the arrest or prosecution.”
It is not disputed that the procedures of the New York City Police Department under section 79-e of the Civil Rights Law were to return all fingerprints and photographs upon application of an individual where a plea was entered to a violation or a traffic infraction in satisfaction of felony or misdemeanor charges. The rationale was simple — since the defendant was pleading guilty only to an offense for which he would not have been fingerprinted and photographed in the first place, he was entitled to the return of his fingerprints and photographs which were taken only because he was charged with a felony or misdemeanor which was dismissed or covered upon the plea to said offense.
It should be noted that CPL 160.50 et seq. places upon a defendant whose criminal proceeding has been terminated favorably a burden which he did not incur prior to the effective date of said section. A defendant who desires the return of his fingerprints and photographs must now formally apply to the court for that which he was previously granted administratively. It would appear, however, that the Legislature has seen fit to place this increased burden on a defendant since CPL 160.50 now grants expungement rights not heretofore available under section 79-e of the Civil Rights Law (i.e. sealing of all official records and papers other than court decisions relating to the arrest or prosecution).
A similar case was recently decided by the Appellate Division, Second Department. In Dwyer v Guido (54 AD2d 956) the defendant was arrested and charged with harassment (a violation), violating section 1157 of the Vehicle and Traffic Law (a traffic infraction) and resisting arrest (Penal Law, § 205.30, class A misdemeanor). His fingerprints and photographs were taken because of the misdemeanor charge. The defendant subsequently pleaded guilty to harassment, was fined and paid the fine. The other charges were dismissed.
In granting defendant’s application pursuant to CPLR article 78 directing the Nassau County Police Department to return photographs and fingerprints the court stated (p 957): " 'There was a disposition of all three charges simultaneously, and petitioner is entitled to the return of his photographs and fingerprints, the only charge of which he was convicted being a violation and not a crime.’ * * * Only the charge of resist *194 ing arrest, a misdemeanor, permitted the police to take petitioner’s fingerprints and photographs. The dismissal of that charge was certainly a favorable and final determination in favor of petitioner. Further, appellant’s argument that the existence of the harassment conviction precluded the return of the fingerprints and photographs could lend itself to abuse. A defendant could be charged with an offense for which he could be fingerprinted and, even though the charge is ultimately reduced to an offense for which he could not be fingerprinted (e.g., a violation), it would inflict upon him the permanent scar of criminal fingerprint and photographic records.” The reasoning of the Appellate Division is equally applicable in the instant case.
In approving CPL 160.50 the Governor said:
"The bill * * * is designed to protect the rights of individuals against whom criminal charges have been brought, but which did not ultimately result in a conviction.
"The bill provides for the return of fingerprints and photos, and the sealing of arrest records in all criminal cases terminated in favor of the accused, unless another criminal action is pending, or unless the district attorney can demonstrate that the interests of justice require otherwise. * * *
"This legislation is consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law.” (McKinney’s Session Laws of NY, 1976, p 2451.)
Similarly the legislative memorandum submitted by Senator Pisani and Assemblyman Fink upon introducing the bill for enactment of CPL 160.50 et seq. states:
"These provisions are modelled after the present provisions of sec. 79-e of the Civil Rights Law, although they are somewhat broader in their application.
"Section 79-e of the Civil Rights Law is repealed since its provisions are now covered in the new CPL provision.”
It is clear that the rights previously granted pursuant to section 79-e of the Civil Rights Law were never intended to be diminished or altered by the new provisions of CPL 160.50 et seq. To the contrary, the clear intent of the Legislature is to expunge all indicia of an arrest which does not result in a criminal conviction.
The Penal Law is quite clear in defining that which is a *195 crime. A crime is a misdemeanor or a felony (Penal Law, § 10.00, subd 6). As is pointed out in the Practice Commentaries following section 10.00 of the Penal Law (McKinney’s Cons Laws of NY, Penal Law, § 10.00), the revised Penal Law uses the term "offense” to describe all statutory breaches for which a penal sanction may be imposed. It classifies "felonies” and "misdemeanors” as crimes and "violations” and "traffic infractions” as noncriminal offenses. A traffic infraction is defined in subdivision 2 of section 10.00 of the Penal Law as "any offense defined as 'traffic infraction’ by section one hundred fifty-five of the vehicle and traffic law.” That section clearly states: "A traffic infraction is not a crime and the punishment imposed therefor shall not be deemed for any purpose a penal or criminal punishment”.
Certainly, therefore, had the Legislature intended to exclude noncriminal violation and traffic infraction cases from the applicability of CPL 160.50 it had ample opportunity to provide appropriate amendments to the Penal Law, Criminal Procedure Law and Vehicle and Traffic Law. In enacting CPL 160.50 et seq. the Legislature intended to broaden the statutory scheme and to remove the stigma of alleged criminal activity where charges of a criminal nature are not sustained.
Accordingly the motion is granted and the Commissioner of the Division of Criminal Justice Services of the State of New York, the Police Department of the City of New York and all other law enforcement agencies having copies thereof are directed to return all photographs and fingerprints taken of defendant, Enrique Flores; and all official records and papers pertaining to the within matter are ordered sealed in pursuance of the provisions of CPL 160.50 et seq.