Elliott Golden, J.
The defendant, by her attorney, has made a motion, pursuant to CPL 160.50, for the return of photographs and fingerprints and for the sealing of her record of arrest and conviction. On July 22, 1974, the defendant was arrested and charged with the crime of prostitution (Penal Law, § 230.00), a class B misdemeanor. On July 23, 1974, at the arraignment, she entered a plea of guilty to a lesser charge, disorderly conduct, a violation (Penal Law, § 240.20). She was sentenced to a conditional discharge. The present motion was made on April 14, 1977. Proper service upon the District Attorney was made on April 1, 1977 and no answering affidavit was submitted by him. On April 21, 1977, this court reserved decision on the motion to May 19, 1977.
CPL 160.50 was recently enacted by the Legislature at the 1976 session (L 1976, ch 877, § 1). Upon the termination of a criminal action or proceeding in favor of an accused person, it mandates that an order be entered and immediately served upon the Division of Criminal Justice Services and upon police departments and law enforcement agencies, and that the order direct the return to the accused person or his designated agent of all photographs, plates or proofs, palmprints and fingerprints taken or made; that all official records and papers other than court decisions relating to the arrest or prosecution be sealed.
The text of subdivision 1 is as follows:
"§ 160.50 Order upon termination of criminal action in favor of the accused.
"1. Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision two of this section, unless another criminal action or proceeding is pending against such person, or unless the district attorney upon motion with not less than five days notice to such person or his attorney demonstrates to the satisfaction of the court that the interests of justice require otherwise, the court wherein such criminal action or proceeding was terminated shall enter an order, which shall immediately be served by the clerk of the court upon the commissioner of the division of criminal justice services and upon the heads of all police departments and other law enforcement agencies having copies thereof, directing that:
*401 "(a) every photograph of such person and photographic plate or proof, and all palmprints and fingerprints taken or made of such person pursuant to the provisions of this article in regard to the action or proceeding terminated, and all duplicates and copies thereof, shall forthwith be returned to such person, or to the attorney who represented him at the time of the termination of the action or proceeding, at the address given by such person or attorney during the action or proceeding, by the division of criminal justice services and by any police department or law enforcement agency having any such photograph, photographic plate or proof, palmprint or fingerprints in its possession or under its control;
"(b) any police department or law enforcement agency, including the division of criminal justice services, which transmitted or otherwise forwarded to any agency of the United States or of any other state or of any other jurisdiction outside the state of New York copies of any such photographs, photographic plates or proofs, palmprints and fingerprints shall forthwith formally request in writing that all such copies be returned to the police department or law enforcement agency which transmitted or forwarded them, and upon such return such department or agency shall return them as provided herein;
"(c) all official records and papers other than court decisions relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor’s office be sealed and not made available to any person or public or private agency; and
"(d) such records shall be made available to the person accused or to such person’s designated agent, and shall be made available to (i) a prosecutor in any proceeding in which the accused has moved for an order pursuant to section 170.56 or 210.46 of this chapter, or (ii) a law enforcement agency upon ex parte motion in any superior court, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it, or (iii) any state or local officer or agency with responsibility for the issuance of licenses to possess guns, when the accused has made application for such a license.”
Subdivision 2 sets forth specific instances of terminations in favor of an accused person. The text of subdivision 2 is as follows:
*402 "2. For the purposes of subdivision one of this section, a criminal action or proceeding against a person shall be considered terminated in favor of such person where:
"(a) an order dismissing the accusatory instrument pursuant to article four hundred seventy was entered; or
"(b) an order to dismiss the accusatory instrument pursuant to section 170.30, 170.50, 170.55, 170.56, 210.20, or 210.46 of this chapter was entered and the people have not appealed from such order or the determination of an appeal or appeals by the people from such order has been against the people; or
"(c) a verdict of complete acquittal was made pursuant to section 330.10 of this chapter; or
"(d) a trial order of dismissal pursuant to section 290.10 or 360.40 of this chapter was entered and the people have not appealed from such order or the determination of an appeal or appeals by the people from such order has been against the people; or
"(e) an order setting aside a verdict pursuant to section 330.30 or 370.10 of this chapter was entered and the people have not appealed from such order or the determination of an appeal or appeals by the people from such order has been against the people and no new trial has been ordered; or
"(f) an order vacating a judgment pursuant to section 440.10 of this chapter was entered and the people have not appealed from such order or the determination of an appeal or appeals by the people from such order has been against the people, and no new trial has been ordered; or
"(g) an order of discharge pursuant to article seventy of the civil practice law and rules was entered and the people have not appealed from such order or the determination of an appeal qr appeals by the people from such order has been against the people.”
The first issue to be resolved in the instant matter is whether the defendant, who was charged in 1974, may properly seek to avail herself of the benefit of the relief set forth in this new statute which became effective September 1, 1976, assuming that all of the other prerequisites provided therein were satisfied. The answer is yes. Subdivision 3 so provides as follows: "3. A person in whose favor a criminal action or proceeding was terminated, as defined in subdivision two of this section, prior to the effective date of this section, may upon motion apply to the court in which such termination *403 occurred, upon not less than twenty days notice to the district attorney, for an order granting to such person the relief set forth in subdivision one of this section, and such order shall be granted unless another criminal action or proceeding is pending against him, or unless the district attorney demonstrates to the satisfaction of the court that the interests of justice require otherwise.” (Italics added.)
Having determined that the early date of her conviction is not a bar to this application, the second and most important issue before the court is whether CPL 160.50 provides for sealing of records, return of fingerprints, photographs, and palmprints in the instant case where the defendant pleaded guilty to a reduced charge, the violation of disorderly conduct.
In People v Flores (90 Misc 2d 190) the court granted the motion for an order directing the sealing of official records and papers and the return of all fingerprints and photographs taken at the time of arrest.
The court relied in part on Dwyer v Guido (54 AD2d 956) an Appellate Division, Second Department, case.
The facts of the Flores case are as follows: On July 5, 1976, the defendant was arrested and charged with a violation of section 120.25 of the Penal Law (reckless endangerment, a class D felony), as well as various traffic infractions arising out of the same auto accident in which pedestrians had been almost struck. Pursuant to CPL 160.10, the defendant was fingerprinted and photographed. Thereafter, on July 7, 1976, the defendant entered pleas of guilty to various traffic infractions, the pleas covered all charges, including reckless endangerment; and all other charges were dismissed. A fine of $150 was paid by defendant. The defendant, who had never been convicted of a crime, made application to the Police Commissioner of the City of New York for return of his fingerprints and photographs pursuant to section 79-e of the Civil Rights Law, which provided: "§ 79-e. Return of fingerprints, palm-prints and photographs. Upon the determination of a criminal action or proceeding against a person, in favor of such person, unless another criminal action or proceeding is pending against him or unless such person has previously been convicted in this state of a crime or of the violation of loitering, as defined in subdivision three of section 240.35 of the penal law or has previously been convicted elsewhere of any offense which would be deemed a crime or the violation of loitering, as defined in subdivision three of section 240.35 of the penal *404 law if committed within the state, every photograph of such person and photographic plate or proof, palmprints and fingerprints taken or made of such person while such action or proceeding is pending by direction or authority of any police officer, peace officer, or any member of any police department, and all duplicates and copies thereof shall be returned on demand to such person or his representative, duly authorized in writing, who is an attorney admitted to practice law in New York state, by the police officer, peace officer or member of any police department having any such photograph, photographic plate or proof, copy or duplicate in his possession or under his control; and such police officer, peace officer or member of any police department failing to comply with the requirements hereof, shall be guilty of a misdemeanor.”
Section 79-e had been repealed by the Legislature with the enactment of CPL 160.50 effective September 1, 1976. In reaching its conclusion, the court analogized that the facts of Flores (supra) were similar to the facts of Dwyer (supra). In the latter case, the defendant was arrested on March 8, 1975, and charged with harassment, a violation (Penal Law, § 240.25, subds 1, 2), resisting arrest (a class A misdemeanor), and violation of section 1157 of the Vehicle and Traffic Law, a traffic infraction. Because of the misdemeanor charge, the defendant’s fingerprints and photographs were taken pursuant to CPL 160.10. In the Nassau County Court, the defendant, on December 1, 1975, pleaded guilty to harassment (the violation), paid a fine of $75, and the other charges were dismissed. He requested the Police Commissioner of Nassau County Police Department to return the fingerprints and photographs pursuant to section 79-e of the Civil Rights Law. The commissioner refused and the defendant instituted a CPLR article 78 proceeding to compel the return of the fingerprints and photographs. The Special Term granted the petition stating: "there was a disposition of all three charges simultaneously and petitioner is entitled to the return of his photographs and fingerprints, the only charge of which he was convicted being a violation and not a crime.” (Dwyer v Guido, 54 AD2d 956, 957, supra.)
The Appellate Division upheld the Special Term, stating: "We agree. Only the charge of resisting arrest, a misdemeanor, permitted the police to take petitioner’s fingerprints and photographs. The dismissal of that charge was certainly a favorable and final determination in favor of petitioner. Fur *405 ther appellant’s argument that the existence of the harassment conviction precluded the return of the fingerprints and photographs could lend itself to abuse. A defendant could be charged with an offense for which he could be fingerprinted and, even though the charge is ultimately reduced to an offense for which he could not be fingerprinted (e.g., a violation), it would inflict upon him the permanent scar of criminal fingerprint and photograph records.” (Dwyer v Guido, supra, p 957.)
The court in Flores reasoned that rights granted in section 79-e of the Civil Rights Law were not intended to be diminished by CPL 160.50; that the intent of the Legislature was to erase all indicia of an arrest not resulting in a criminal conviction; that a traffic infraction is not a crime; that had the Legislature intended to exclude noncriminal violations and traffic infractions from the purview of CPL 160.50, it had opportunity to do so by amending the Penal Law, the Criminal Procedure Law, and the Vehicle and Traffic Law. With this reasoning I cannot totally agree.
The case before this court may be distinguished from People v Flores in that the facts in Flores seem to indicate multiple accusatory instruments (and multiple charges), some of which were dismissed, and pleas of guilty taken on others (traffic infractions). In the case before this court, a different fact pattern exists in that only one accusatory instrument and one charge were involved and a lesser or reduced plea taken thereto.
In the Dwyer case (supra), the misdemeanor charge and the traffic infraction were dismissed and the defendant pleaded guilty to the violation, and thus it too is to be distinguished from the instant matter. In the instant case the plea was to a lesser charge. A plea to a lesser charge is not within the language of CPL 160.50 (subd 2) as are the various dismissals of accusatory instruments set forth in that subdivision.
This court is persuaded by the defendant, who cites the Dwyer case, and by my learned colleague in the Flores case, that, notwithstanding the lack of specific statutory authority under CPL 160.50, justice and fairness require that, except where fingerprints are required to be taken for an arrest for a violation (see CPL 160.10, subd 1, pars [d], [e]), the photographs and prints be returned, but not that the records be sealed.
It is true that a violation is not a "crime”, but that alone is *406 not sufficient reason to seal. I do not believe that the Legislature intended to seal the record of all but "criminal” dispositions. For example, an order to seal would foreclose inquiry by the Department of Motor Vehicles or by other agencies of government into prior convictions for violations where the law authorizes administrative action by reason thereof (e.g., license suspension or revocation). Similarly it would preclude its availability and use, where otherwise admissible, in civil litigation or proceedings (e.g., admission of liability in passing a red traffic signal in a negligence action). In a civil action for damages, a plea of guilty to a traffic infraction may be introduced as evidence of carelessness (see Ando v Woodberry, 8 NY2d 165).
Sealing should not be imposed merely to preclude an improper reference to a prior conviction for a violation when sought to be introduced in a subsequent trial or proceeding. Timely objection and proper application of the rules of evidence should be resorted to instead.
Since 79-e of the Civil Rights Law was repealed and CPL 160.50 is not specifically applicable, statutory authority for the return of fingerprints and photographs appears to be lacking. Procedures should be established by the Legislature to provide for the return of photographs and fingerprints where the conviction is for a violation, excepting therefrom such violations as the Legislature deems appropriate (e.g., Civil Rights Law, former § 79-e, excludes convictions for the violation of loitering under Penal Law, § 240.35, subd 3, from its provisions; also note Penal Law, § 240.37, wherein the degree of the offense is elevated from a violation to a misdemeanor where there has been a previous conviction for certain designated violations). It is clear that legislative clarification is required with regard to situations such as in the instant case, as well as in other problem areas that CPL 160.50 presently presents.
In accordance with the foregoing, the defendant’s motion is granted only with respect to the return of photographs and photographic plates or proofs and all palmprints and fingerprints taken or made. Had the reduced plea in this case been to section 240.37 of the Penal Law (loitering for the purpose of engaging in a prostitution offense) as a violation, instead of to section 240.20 of the Penal Law (disorderly conduct), this court would not have granted even this aspect of the motion. Sealing, however, is denied.
The clerk shall immediately send a copy to the Commis *407 sioner of the Division of Criminal Justice Services and to the Commissioner of the New York City Police Department, or other law enforcement agency having copies of photographs and fingerprints of the defendant.