OPINION OF THE COURT
Leon Becker, J.
The defendant moves this court for an order directing the *1027 sealing of all records herein and for the return of all palm-prints, fingerprints and photographs taken at the time of her arrest pursuant to CPL 160.50.
At the outset, the court would like to commend both the prosecutor and defense counsel for their excellent memoranda.
The defendant was charged with an information for the crime of criminal possession of stolen property in the third degree in violation of section 165.40 of the Penal Law, a class A misdemeanor, which requires that fingerprints be taken (CPL 160.10). The defendant appeared in court for arraignment on October 19, 1977. A charge of disorderly conduct (Penal Law, § 240.20) was added to the information pursuant to plea negotiations, and the defendant pleaded guilty to the added charge in full satisfaction of the information. A sentence of a conditional discharge was imposed.
Subsequently, the defendant made a motion in this court for an order directing the sealing of all papers herein and for the return of all fingerprints, palmprints, and photographs taken at the time of her arrest pursuant to CPL 160.50. This motion was opposed by the District Attorney and oral argument was heard on October 26, 1977. The court denied the motion to seal the papers, but ordered the return of all the fingerprints, palmprints, and photographs taken at the time of the defendant’s arrest. On October 27, 1977, the People moved ex parte in this court for a stay of that portion of the order which directed the return of defendant’s fingerprints, palmprints, and photographs and requested reargument. The motion was granted by this court, and on reargument the defendant renewed her application for the sealing of the record. This court issued an oral decision on September 25, 1978, which adhered to its prior determination. The court informed both the prosecutor and the defense counsel that a written opinion would follow. Both parties requested the court to reconsider its decision.
It is the defendant’s position that the retention of her fingerprints, palmprints, photographs and the records of the misdemeanor arrest violates her rights of equal protection and the presumption of innocence guaranteed by both the Federal and State Constitutions. The People, however, maintain that the defendant has no inherent right to the sealing or return of her fingerprints, palmprints and photographs. It is also the People’s position that a "plea down” from a misdemeanor to a violation is not one of the situations enumerated in CPL *1028 160.50 as a "termination of [a] criminal action in favor of the accused.”
The court, essentially, is called upon to decide whether the case at bar falls within the definition of "termination of [a] criminal action in favor of the accused” as enumerated in CPL 160.50 (subd 2, par [b]).[1] A number of courts have ruled on this issue with varying results. A brief summary of these cases would, perhaps, be helpful at this juncture.
Notwithstanding the fact that Dwyer v Guido (54 AD2d 956) was decided under section 79-e of the Civil Rights Law (now repealed), it has been cited by all the courts which have ruled on the issue at bar. In Dwyer, the defendant was arrested and charged with harassment (a violation), resisting arrest (a misdemeanor), and violating section 1157 of the Vehicle and Trafile Law (a traffic infraction). The defendant pleaded guilty to harassment, and the other charges were dismissed. The Appellate Division agreed with the Supreme Court, Nassau County, that the defendant was entitled to the return of the fingerprints and photographs taken at the time of his arrest and stated (p 957): "Only the charge of resisting arrest, a misdemeanor, permitted the police to take petitioner’s fingerprints and photographs. The dismissal of that charge was certainly a favorable and final determination in favor of the petitioner. Further, appellant’s argument that the existence of the harassment conviction precluded the return of the fingerprints and photographs could lend itself to abuse. A defendant could be charged with an offense for which he could be fingerprinted and, even though the charge is ultimately reduced to an offense for which he could not be fingerprinted (e.g., a violation), it would inflict upon him the permanent scar of criminal fingerprint and photographic records.”
The first reported case decided after the enactment of CPL 160.50 was People v Hyll (90 Misc 2d 101). In that series of cases the defendants were charged with driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 3) as a misdemeanor. The informations were amended to add the charge of driving while impaired (Vehicle and Traffic Law, § 1192, subd 1) a traffic infraction. The defendants pleaded guilty to the *1029 added charges and the misdemeanor charges were dismissed. The defendants moved for the return of their fingerprints and photographs pursuant to CPL 160.50. The court granted the defendants’ motions and ordered the return of the fingerprints and photographs. It did not, however, rule on the issue of whether the defendants were also entitled to have the record of the prosecution sealed. The court stated in Hyll (p 102) that: "It is this court’s opinion that a plea of guilty to a violation in satisfaction of a misdemeanor charge constitutes a termination in favor of an accused as defined in CPL 160.50 (subd 2) and that the Legislature intended this result when it enacted CPL 160.50.” The court in the Hyll case reasoned that since a guilty plea to a violation bars any subsequent prosecution of the misdemeanors, the misdemeanor charges were dismissed pursuant to CPL 170.30, which is a favorable termination under CPL 160.50. Hence, the court ordered the return of all the fingerprints and photographs taken at the time of the defendant’s arrest.
Within a week of the Hyll case, People v Flores (90 Misc 2d 190) was decided. In the Flores case, the defendant was charged with various traffic infractions and a felony charge of reckless endangerment. The defendant pleaded guilty to the traffic infractions and the felony charge was dismissed. It is not clear, however, whether all the charges were contained in one or in separate informations or complaints. The defendant’s request pursuant to section 79-e of the Civil Rights Law to the Police Commissioner for the return of his fingerprints and photographs was denied on the basis that the said provision had been repealed. The court reasoned that since CPL 160.50 was intended to broaden the scope of former section 79-e of the Civil Rights Law, the Legislature could not have intended to exclude noncriminal violation and traffic infraction cases from the applicability of CPL 160.50. The court in the Flores case granted the motion for the return of all fingerprints and photographs and for the sealing of the records.
The next case in point is People v Miller (90 Misc 2d 399). In the Miller case, the defendant was initially charged with prostitution (a class B misdemeanor). The defendant subsequently pleaded guilty to disorderly conduct (Penal Law, § 240.20, a violation) and the misdemeanor charge was dismissed. The court granted the motion for the return of defendant’s fingerprints, but denied the motion to seal. In so doing, *1030 the court distinguished the Flores case (supra) on the basis that Flores seemed to involve multiple charges on multiple accusatory instruments and that there was only one accusatory instrument in the case at bar. The court further noted that the Miller case originated with only one charge and that a lesser degree of offense was added for the purpose of disposition. It did not believe that the Legislature intended to provide for the sealing of violation convictions. In granting the motion for the return of the fingerprints and photographs, the court stated: "This court is persuaded by the defendant, who cite the Dwyer case, and by my learned colleague in the Flores case, that, notwithstanding the lack of specific statutory authority under CPL 160.50, justice and fairness require that, except where fingerprints are required to be taken for an arrest for a violation (see CPL 160.10, subd 1, pars [d], [e]), the photographs and prints be returned, but not that the records be sealed.” (People v Miller, 90 Misc 2d 399, 405, supra.)
A diametrically opposite result was reached in the case of People v Casella (90 Misc 2d 442). The defendant, Casella, was arrested and charged with the crime of petit larceny and criminal possession of burglar’s tools (both class A misdemeanors). He pleaded guilty to criminal trespass and disorderly conduct (both violations). The other two defendants had been charged with petit larceny and pleaded guilty to disorderly conduct. As a consequence of the guilty plea, all the misdemeanor charges were dismissed. The court denied a motion made pursuant to CPL 160.50 for the return of fingerprints and photographs and the sealing of the record. The basis for the denial was that a "plea down” is not one of the specifically enumerated favorable terminations within the meaning of CPL 160.50 (subd 2). The same result was reached in People v Blackman (90 Misc 2d 977). In Blackman, the defendant was charged with driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 3) a misdemeanor. The defendant pleaded guilty to disorderly conduct, a violation. In denying the defendant’s motion, the court specifically rejected the conclusions reached in the Flores and Miller cases and adopted the conclusion in the Casella case.
In People v Martens (NYU, Aug. 24, 1978, p 5, col 2), the defendant was charged with resisting arrest (a class A misdemeanor) and driving while impaired (a traffic infraction). The defendant pleaded guilty to the traffic infraction and the charge of resisting arrest was dismissed. The court, in grant *1031 ing the motion to seal under CPL 160.50, stated: "However, the crucial fact remains that, in the instant case, had the defendant been charged solely with the traffic infraction of driving while impaired, the police would have been without authority to print and photograph him under section 160.10 of the Criminal Procedure Law. The court finds that the happenstance that the defendant was originally charged in addition with the printable offense of resisting arrest, which was ultimately dismissed, should not raise an insurmountable obstacle to the granting of section 160.50 relief to this defendant. There is no justification for the defendant having to bear the stigma of a criminal prosecution as an incident of prosecutorial 'overcharging.’ ” (People v Martens, supra, p 5, col 5.) In a later case, Matter of Vergari (Fried) (NYLJ, Sept. 18, 1978, p 16, col 3), the Supreme Court, Westchester County, issued a writ of prohibition vacating an order of a Town Court granting the motion for the return of the fingerprints, photographs and for the sealing of the records. The defendant in that case was charged with assault (a misdemeanor) and pleaded guilty to an added charge of disorderly conduct. The misdemeanor charge was dismissed. The court, in issuing the writ, stated (p 16, col 5) that "by being permitted to plead to a lesser charge, an accused has already received one benefit. He should not then be permitted to double that benefit.” The court further stated (p 16, col 5) that "this court is of the opinion that such a plea does not involve an order dismissing an entire accusatory instrument nor is it specifically stated as such in the subsection involved.”
This court will not indulge in judicial legislation. By enacting and amending CPL 160.50, the Legislature has provided the courts with a comprehensive enumeration of what constitutes "a favorable termination of [a] criminal proceeding.” It is unnecessary to add judicial interpretation to what is already in the statute.
Some courts, in granting the relief sought under CPL 160.50, relied principally on legislative intent and the Dwyer case, rather than the statute itself. Other courts, in denying the relief sought, flatly stated that a "plea down” is not a favorable termination.
However, there are two crucial factors which were not discussed in any of the afore-mentioned cases. One concerns the presumption of innocence and the other is the legal and practical significance of "adding” a charge to an existing *1032 accusatory instrument. A defendant is presumed innocent until proven guilty at trial or by plea. The mere arrest and charge of a defendant for a crime does not, in and of itself, prove anything; it merely starts the judicial process in motion. The fact that, for whatever reason, a defendant elects or is permitted to plead guilty to a violation in full satisfaction of all the charges proves only that the defendant is guilty of the violation and nothing more. Therefore, assuming the defendant was originally arrested for disorderly conduct (a violation), the police would not be authorized to fingerprint and photograph the defendant.[2] Could it be said that a person arrested and convicted for a violation is presumed to be guilty of some misdemeanor that he was not convicted of? The answer is obviously in the negative. To hold otherwise would violate the Fourteenth Amendment’s requirement of due process. The logical conclusion after a defendant pleads guilty to a violation is that the misdemeanor charge is deemed dismissed, and that the defendant is not guilty of the original misdemeanor charge. The fact of such misdemeanor arrest should therefore be sealed.
The second factor to be considered is the effect of adding a violation to an existing accusatory instrument. The court finds this is done solely for the purpose of administrative convenience. If, for whatever reason, the People decide that a violation charge is more appropriate than the misdemeanor charged, they could draw a new accusatory instrument; this would involve retyping, redocketing and rearraigning the case. It would further require that additional time be spent by the oflicer(s) involved, the attorneys, court officers, the court and others related to the judicial process. This practical (fiscal) consideration, the court believes, is the prime factor for not drafting a new instrument. However, administrative convenience is no justification for abridging a defendant’s rights together with the work load. The court finds that "adding a charge” to an accusatory instrument is the procedural equivalent of drafting a new instrument, and of the greater charge being dismissed in its entirety. The dismissal only constitutes the voiding of the arrest and the prosecution of the misdemeanor charge. The accused should not be required to respond affirmatively to any inquiry as to this particular misdemeanor arrest, except as authorized or required by statute. This *1033 particular arrest and prosecution is deemed, in the eyes of the law, to be nonexistent.[3]
Having decided that the accusatory instrument charging the defendant with a misdemeanor was dismissed in its entirety, CPL 160.50 is clearly applicable. However, a practical problem arises which must be resolved by court order. Violation arrests and convictions are not subject to the sealing provisions of the CPL. However, if the misdemeanor record in this case is sealed, the violation record will also be sealed. This is a clearly inequitable situation, since a defendant originally arrested and charged with a violation could not obtain sealing, while a defendant initially charged with a greater offense could obtain that relief.
To solve this problem it is necessary to examine the actual physical steps now taken when a sealing order is granted. The Commissioner of the Division of Criminal Justice Services and the heads of all police departments and all other law enforcement agencies are directed to return all fingerprints and photographs taken of the defendant at the time of his arrest pursuant to CPL 160.50 (subd 1). It is then necessary for the Division of Criminal Justice Services to retrieve the computer entry of the defendant’s arrest and discard it. The clerk in the record room pastes a strip of paper next to the docket number over the defendant’s name and the charge(s) and writes the word "sealed” on it. The clerk stamps the word "sealed” on the cover of the accusatory instrument.
To avoid awarding unwarranted benefit to the defendant to the detriment of the People, the court hereby issues a superseding order that:
(1) The Clerk of the Court serve notice upon the Commissioner of the Division of Criminal Justice Services and upon the heads of all police departments and other law enforcement agencies having copies of the fingerprints, palmprints and photographs of the defendant herein, to return all such copies to the defendant or his attorney.
*1034 (2) The Clerk of the Court shall also serve notice to the Division of Criminal Justice Services to retrieve the computer entry and obliterate the misdemeanor arrest and substitute for it the violation arrest and conviction. The Division of Criminal Justice Services is further directed to request all other agencies that the Division of Criminal Justice Services had transmitted such misdemeanor arrest to, to obliterate the misdemeanor arrest and substitute for it the violation arrest and conviction.
(3) The record room clerk of the court is directed to write the violation arrest and conviction on a paper pasted over the original charge lodged against the defendant. The docket number and the name shall remain the same.
(4) The cover of the court papers is to be redacted to reflect only the violation arrest and conviction.
The foregoing procedure, in the court’s opinion, is equitable. The fiscal consequences are minimal, if any, as compared to the procedure now followed when sealing orders are granted.

. "[A]n order to dismiss the entire accusatory instrument against such person pursuant to section 170.30, 170.50, 170.55, 170.56, 170.75, 180.70, 210.20 or 210.46 of this chapter or section 81.25 of the mental hygiene law was entered or deemed entered and the people have not appealed from such order or the determination of an appeal or appeals by the people from such order has been against the people”.

. CPL 160.10 authorizes the police to fingerprint the defendant for felony and misdemeanor charges and in certain limited enumerated violation arrests.

. CPL 160.60 states that, "Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision two of section 160.50 of this chapter, the arrest and prosecution shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution. The arrest or prosectuion shall not operate as a disqualification of any person so accused to pursue or engage in any lawful activity, occupation, profession, or calling. Except where specifically required or permitted by statute or upon specific authorization of a superior court, no such person shall be required to divulge information pertaining to the arrest or prosecution.”