OPINION OF THE COURT
Alfred M. Ascione, J.
Motions No. 2, No. 91 and No. 92 of August 20, 1979 are consolidated for disposition as hereafter indicated.
This is a CPLR article 78 proceeding (Motion No. 2) in the nature of a writ of prohibition brought by petitioner Robert M. Morgenthau, District Attorney of New York County, against respondent Leon Becker, Judge of the Criminal Court of the City of New York, New York County, for a judgment prohibiting said respondent, the Honorable Leon Becker: "[F]rom ordering that all fingerprints, palmprints and photographs taken of Natalie Robertson upon her arrest on September 15, 1977 be returned, and that the official records of the proceedings in People v. Natalie Robertson, be changed from an arrest on the charge of Criminal Possession of Stolen Property in the Third Degree, a misdemeanor, to an arrest and conviction on the charge of Disorderly Conduct, a violation”.
It appears, and the facts are not in dispute, that Natalie Robertson was arraigned before respondent, sitting as a Judge of the Criminal Court in New York County on October 19, 1977, pursuant to Information No. N77362 charging her with criminal possession of stolen property in the third degree (Penal Law, § 165.40), a class A misdemeanor.
At the arraignment, and pursuant to plea bargaining, a charge of disorderly conduct (Penal Law, § 240.20), a violation, was added to Information No. N773672 and Robertson entered a plea of guilty to that charge, to cover all charges in No. N773672. Thereupon, Judge Becker sentenced Robertson to a conditional discharge and Robertson’s attorney was directed to "prepare an order for the return of * * * [Robertson’s] prints.”
Subsequently, on October 24, 1977, Robertson moved, pursuant to CPL 160.50, for an order directing that all fingerprints, palmprints and photographs of Robertson taken at the time of *509 her arrest be returned and that the records of her arrest and conviction be sealed.
CPL 160.50 as amended to date provides in relevant part:
"1. Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision two of this section * * * the court wherein such criminal action or proceeding was terminated shall enter an order, which shall immediately be served by the clerk of the court upon the commissioner of the division of criminal justice services and upon the heads of all police departments and other law enforcement agencies having copies thereof, directing that:
"(a) every photograph of such person and photographic plate or proof, and all palmprints and fingerprints taken or made of such person pursuant to the provisions of this article in regard to the action or proceeding terminated * * * and all duplicates and copies thereof, shall forthwith be returned to such person * * *
"(b) any police department or law enforcement agency, including the division of criminal justice services, which transmitted or otherwise forwarded to any agency of the United States or of any other state or of any other jurisdiction outside of the state of New York copies of any such photographs, photographic plates or proofs, palmprints and fingerprints * * * shall forthwith formally request in writing that all such copies be returned to the police department or law enforcement agency which transmitted or forwarded them, and upon such return * * * shall return them as provided herein * * *
"(c) all official records and papers including judgments and orders of a court but not including published court decisions or opinions or records and briefs on appeal, relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor’s office be sealed and not made available to any person or public or private agency; and
"(d) such records shall be made available to the person accused or to such person’s designated agent, and shall be made available to * * * (ii) a law enforcement agency upon ex parte motion in any superior court, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it, or (iii) any state or local officer or agency with responsibility for the issuance of *510 licenses to possess guns, when the accused has made application for such a license.
"2. For the purposes of subdivision one of this section, a criminal action or proceeding against a person shall be considered terminated in favor of such person where:
"(a) an order dismissing the entire accusatory instrument against such person pursuant to article four hundred seventy was entered; or
"(b) an order to dismiss the entire accusatory instrument pursuant to section 170.30, 170.50, 170.55, 170.56, 170.75, 180.70, 210.20, or 210.46 of this chapter or section 81.25 of the mental hygiene law was entered or deemed entered and the people have not appealed from such order or the determination of an appeal or appeals by the people from such order has been against the people; or
"(c) a verdict of complete acquittal * * * or
"(d) a trial order of dismissal of the entire accusatory instrument against such person * * * or
"(e) an order setting aside a verdit * * * or
"(f) an order vacating a judgment * * * or
"(g) an order of discharge pursuant to article seventy of the civil practice law and rules was entered * * * or
"(i) prior to the filing of an accusatory instrument in a local criminal court against such person, the prosecution elects not to prosecute such person * * *
"(j) following the arrest of such person, the arresting police agency, prior to the filing of an accusatory instrument in a local criminal court but subsequent to the forwarding of a copy of the fingerprints of such person to the division of criminal justice services, elects not to proceed further”.
On October 26, 1977, Judge Becker granted the motion as to the prints and photographs but denied the motion to seal. On October 27, 1977, Judge Becker stayed his order pending a motion by the People to rescind.
After considering memoranda filed by both parties, Judge Becker ruled, off the bench, on September 25, 1978, that Robertson was entitled to the return of the prints and photographs pursuant to CPL 160.50, but denied the motion to seal. On January 24, 1979, Judge Becker issued a written opinion explaining his decision, and on February 1, 1979, he signed an order directing the return of the prints and photographs and that the arrest records be changed to reflect an arrest and *511 conviction of the violation rather than an arrest for the misdemeanor.
Petitioners, on behalf of the People, on February 20, 1979, filed a notice of appeal from Judge Becker’s order with the Supreme Court, Appellate Term, First Department, which appeal apparently has not been perfected for reasons which will appear below. On April 6, 1979, Judge Becker issued an order staying the February 1, 1979 order, at petitioner’s request, and which stated further that: "The people hereby consent to defendant’s [Robertson’s] intervention, as either plaintiff or defendant, in any future Article 78 proceeding or other litigation concerning the underlying issues herein.”
The notice of petition and petition, though not including Robertson as a named respondent, have been served on Robertson. Judge Becker has appeared herein pro se and has cross-moved to dismiss the petition for the reasons set forth in his decision.
In Motion No. 91, Robertson seeks leave to intervene as a party respondent either as a matter of right pursuant to CPLR 1012 (subd [a], par 2) or in the discretion of the court pursuant to CPLR 7802 (subd [d]). Neither petitioner or respondent objects to the motion to intervene, which is granted. Also granted, is Robertson’s request for related relief with respect to Robertson’s intervention herein (Motion No. 92). Accordingly, Robertson’s proposed answer to the petition (described as an amended answer), containing a cross claim and objections in point of law, attached to her papers submitted on Motion No. 92, is deemed served.
By way of the cross claim, Robertson seeks mandamus relief compelling Judge Becker to order the sealing of all records and papers relating to her arrest or prosecution or violation conviction, in addition to directing the return of the prints and photographs previously ordered by Judge Becker pursuant to CPL 160.50.
Petitioner alleges, and it is not disputed by respondent or the intervenor-respondent, that Judge Becker’s order is not appealable (see CPL art 450; Matter of Santangello v People, 38 NY2d 536, 539). Thus, according to petitioner, "if prohibition does not lie, respondent Becker, and any other judge so inclined, will be able to violate the specific command of section 160.50, with no redress possible.”
It is contended by the District Attorney that Judge Becker acted in excess of the authority conferred on him by CPL *512 160.50 in ordering the return of the prints and photographs, and the changes in the records, in that 160.50 authorizes a return and seal order only when there has been a termination of the proceeding in favor of the accused and Robertson’s "plea down”, from a misdemeanor to a violation, was not such a favorable termination.
Under the circumstances presented, a writ of prohibition is an appropriate remedy; indeed, in this case, it is the only remedy available to the People to deal with the claimed abuse of authority by Judge Becker in issuing the nonappealable order. (Matter of Proskin v County Ct., Albany County, 30 NY2d 15; Matter of Vergari (Fried), NYLJ, Sept. 18, 1978, p 16, col 3.) It is well settled that prohibition may be used to restrain an inferior court from exceeding its authorized pow- . ers in a proceeding over which it has jurisdiction. (La Rocca v Lane, 37 NY2d 575, 577; Matter of Proskin v County Ct., Albany County, supra, p 18.) Chief Judge Breitel, in La Rocca (supra, pp 579-580), stated the law as follows: "If an adequate remedy is available, the burdening of judicial process with collateral proceedings, interruptive of the orderly administration of justice, would be unjustified. If, however, appeal or other proceedings would be inadequate to prevent the harm, and prohibition would furnish a more complete and efficacious remedy, it may be used even though other methods of redress are technically available [citations].”
As was noted, there are no other remedies available in this case and prohibition is therefore appropriate. (Matter of Vergari [Fried], supra; cf. Matter of State of New York v King, 36 NY2d 59.)
We turn now to the merits of the District Attorney’s application. In his written opinion (People v Robertson, 97 Misc 2d 1026, 1028), Judge Becker correctly stated the issue to be decided as follows: "whether the case at bar falls within the definition of 'termination of [a] criminal action in favor of the accused’ as enumerated in CPL 160.50 (subd 2, par [b]). A number of courts have ruled on this issue with varying results”.
Judge Becker reviewed some of the reported cases since CPL 160.50 was first enacted in 1976 and its predecessor statute, former section 79-e of the Civil Rights Law was repealed. (L 1976, ch 877, §§ 1, 2.) According to Judge Becker, those cases granting the relief sought under CPL 160.50 relied principally on legislative intent and Dwyer v Guido (54 AD2d *513 956 [a case brought pursuant to former section 79-e of the Civil Rights Law]) rather than CPL 160.50 itself. (See People v Hyll, 90 Misc 2d 101; People v Flores, 90 Misc 2d 190; People v Miller, 90 Misc 2d 399.)
In Dwyer (supra), the petitioner was arrested and charged with harassment (a violation), resisting arrest (a class A misdemeanor) and a traffic infraction. Petitioner’s fingerprints were taken because of the misdemeanor charge (CPL 160.10). Thereafter, petitioner pleaded guilty to harassment, paid a fine and the other charges were dismissed. He then requested that the police commissioner return the prints and photographs pursuant to former section 79-e, which provided, in part: "Upon the determination of a criminal action or proceeding against a person, in favor of such person, unless another criminal action or proceeding is pending against him”.
In affirming Special Term’s granting of the petition, the court said (p 957): "Only the charge of resisting arrest, a misdemeanor, permitted the police to take petitioner’s fingerprints and photographs. The dismissal of that charge was certainly a favorable and final determination in favor of petitioner. Further, appellant’s argument that the existence of the harassment conviction preluded the return of the fingerprints and photographs could lend itself to abuse. A defendant could be charged with an offense for which he could be fingerprinted and, even though the charge is ultimately reduced to an offense for which he could not be fingerprinted (e.g., a violation), it would inflict upon him the permanent scar of criminal fingerprint and photographic records.”
Parenthetically, it is not clear whether in Dwyer there were three separate accusatory instruments or just one, with three charges. In this case, there was but one information, with the violation (disorderly conduct) added for purposes of disposition. Further, former section 79-e of the Civil Rights Law contained no definition of what constituted "a favorable termination of a criminal proceeding”, as does CPL 160.50.
Judge Becker pointed out that other courts denied the relief sought, finding that a "plea down” is not a favorable termination since such an eventuality was not specifically enumerated in the definitions. (People v Casella, 90 Misc 2d 442; People v Blackman, 90 Misc 2d 977.)
Faced with a number of lower court decisions reaching diametrically opposite results, Judge Becker declined to engage in what he termed "judicial legislation.” He said: "By *514 enacting and amending CPL 160.50, the Legislature has provided the courts with a comprehensive enumeration of what constitutes 'a favorable termination of [a] criminal proceeding.’ It is unnecessary to add judicial interpretation to what is already in the statute.” (People v Robertson, 97 Misc 2d 1026, 1031, supra.)
Instead, Judge Becker found that "adding a charge” to an accusatory instrument is the procedural equivalent of drafting a new instrument, and of the greater charge being dismissed in its entirety and, thus, CPL 160.50 is applicable. Further, he found (p 1032), on due process grounds, based upon the presumption of innocence to the misdemeanor charge, that since the defendant pleaded guilty to only the violation, the misdemeanor charge is deemed dismissed and that the defendant is not guilty of the original misdemeanor charge; the fact of such misdemeanor arrest should therefore be sealed.
Finally, Judge Becker concluded that since violation arrests and convictions were not subject to sealing, it would be inequitable to the People to seal the entire record in this case, for it would give Robertson greater rights than she would have had if she had been originally charged only with the violation. Judge Becker directed (p 1034) that the records be changed "to obliterate” the misdemeanor arrest and substitute for it the violation arrest and conviction.
Can it be said that Judge Becker exceeded his authority in these circumstances? This court is constrained to hold that he did.
Despite his avowed intention not to engage in "judicial legislation”, Judge Becker proceeded to do precisely what he said he would not do.
Clearly CPL 160.50, as amended, does not include a "plea down” as a favorable termination, within the enumerated dismissals and adjudications set forth in subdivision 2, and more particularly paragraph (b) thereof.
After CPL 160.50 was enacted in 1976, it was amended twice in 1977 (L 1977, ch 835, 905), to include additional kinds of dismissals constituting favorable terminations not provided originally.
Also, paragraphs (a) and (b) of subdivision 2 were amended to add the words "entire” and "against such person”, so that those paragraphs, as amended, read:
"2. For the purposes of subdivision one of this section, a *515 criminal action or proceeding against a person shall be considered terminated in favor of such person where:
"(a) an order dismissing the entire accusatory instrument against such person pursuant to article four hundred seventy was entered; or
"(b) an order to dismiss the entire accusatory instrument against such person pursuant to section 170.30”. (Emphasis supplied.)
According to Joseph W. Bellacosa in his 1977 Supplementary Practice Commentary (McKinney’s Cons Laws of NY, Book 11 A, CPL 160.50 [Pocket Part, 1979-1980], pp 327-328), these sections were amended "to remove an ambiguity and to make absolutely clear that sealing and return orders are issuable only when the dismissal or termination is of the entire accusatory instrument.” (Accord, McKinney’s Session Laws of NY, 1977, Memorandum of State Executive Committee, p 2453.)
The 1977 amendments to 160.50 were made effective August 11, 1977 and were operative on all the dates involved in this matter. Thus, no matter how well intentioned his purpose, or how sound his arguments for granting the benefits of CPL 160.50 in "plea down” cases, the statute did not provide the authority for Judge Becker’s order since it is clear that there was not a dismissal of the entire accusatory instrument.
In one reported 1978 case, which specifically considered the effect of the 1977 amendments on "plea down” situations, it was held: "Now there can be no doubt that the entire accusatory instrument must be dismissed in order to have a favorable termination. A plea to any charge contained therein, or added thereto, does not fall within the purview of CPL 160.50(People v Ebner, 95 Misc 2d 781, 783, emphasis in original; see, also, Matter of Vergari [Fried], NYLJ, Sept. 18, 1978, p 16, col 3, supra.)
Perhaps Judge Becker’s opinion will provide the necessary impetus and persuasion for the Legislature to consider a further amendment to CPL 160.50, to provide its benefits in "plea down” situations. In the meantime, however, it is clear that CPL 160.50 does not now provide its benefits in "plea down” situations such as intervenor-respondent Robertson’s and Judge Becker exceeded his authority in issuing the order of February 1, 1979.
Accordingly, the petition is granted in all respects and *516 Judge Becker is prohibited from ordering the return of intervenor-respondent Robertson’s fingerprints, palmprints and photographs, and from ordering any change in the arrest and conviction records to reflect an arrest and conviction on the charge of disorderly conduct, a violation, rather than an arrest on the charge of criminal possession of stolen property in the third degree, a misdemeanor.
The cross motion of respondent Becker to dismiss is denied. The motions by intervenor-respondent Robertson to intervene and for related relief are granted and the cross claim to compel respondent Becker to order the sealing of the records is dismissed.