OPINION OF THE COURT
Harold Adler, J.
This court is confronted with an issue of apparent first impression. The defendant’s felony proceeding was terminated when he was found incapacitated due to a mental defect. Does this constitute a favorable termination warranting sealing of *383 the record? For the reasons discussed below, this court concludes that it does not.
In motion papers dated January 25, 2002, the defendant moves for an order sealing the record of a criminal proceeding from the year 1969. He was arrested on October 12, 1969 and charged with the felony of Penal Law § 120.25 (reckless endangerment in the first degree), and the misdemeanors of Penal Law former § 265.05 (possession of a dangerous weapon) and Penal Law § 145.15 (criminal tampering in the second degree). He was found to be incapacitated due to mental disease and was committed to the State Department of Hospitals.[2] He asserts that he had no subsequent involvement with the criminal justice system, has been a “health care professional” for the past 27 years and seeks a sealing order because he is applying for an unspecified Florida license.
In a response dated February 20, 2002, the People “take no position with respect to defendant’s motion * * * because the People believe that defendant’s criminal court record had already been sealed by operation of law.”
It appears that the People are incorrect in their belief that the record has already been sealed. The defendant’s “rap sheet” from the Division of Criminal Justice Services does not indicate that the record has been sealed. As to the felony charge of Penal Law § 120.25, the “rap sheet” states that the defendant was “Incapacitated, Mentally Defective November 19, 1969.” As to the misdemeanor charges of Penal Law former § 265.05 and Penal Law § 145.15, the “rap sheet” states that the defendant was “Not Arraigned November 19, 1969.” The office of the Bronx Criminal Court Clerk informs us that the court file in this case has been destroyed, as all files are destroyed after 25 years.
The court’s authority to seal a criminal action is purely statutory and a defendant has no inherent or constitutional right to sealing. (See Matter of Charles Q., 85 NY2d 571, 575 [1995]; People v Patterson, 78 NY2d 711 [1991].) Section 160.50 of the Criminal Procedure Law requires sealing where a criminal proceeding is terminated in favor of a defendant. Although this statute was enacted in 1976 — seven years after the defendant’s arrest — it is nevertheless applicable here. Subdivision (4) of the statute grants retrospective sealing relief to persons whose *384 cases were terminated in their favor prior to the effective date of the section. (See People v Miller, 90 Misc 2d 399, 402-403 [Crim Ct, NY County 1977].)
What constitutes a termination in favor of a defendant? Subdivision (3) of GPL 160.50 lists 12 types of terminations that qualify as terminations in favor of a defendant. None of these 12 types of terminations embrace the situation where a defendant is deemed incapacitated due to mental disease. The disposition in the current matter does not fall within the parameters of GPL 160.50 (3).
This court has been unable to uncover any judicial decisions directly on the issue of whether a pretrial finding of incapacitation due to mental disease constitutes a favorable termination. However, a relatively recent case — Matter of Anonymous (174 Misc 2d 333 [Sup Ct, Kings County 1997]) — concluded that an acquittal by reason of mental disease does not constitute a “favorable termination” within the meaning of GPL 160.50 (3) and the defendant in that case was not entitled to have the record of the court proceeding sealed.
It must be noted that an acquittal by reason of mental disease is clearly distinguishable from a pretrial finding that a defendant is incapacitated due to mental disease. Indeed, the two concepts are completely independent. (See Matter of Westches-ter Rockland Newspapers v Leggett, 48 NY2d 430, 440-441 [1979].) However, as to the issue of sealing, the two concepts are analogous.
The question is whether the disposition is “favorable,” as defined by GPL 160.50 (3). Like an acquittal by reason of mental disease, a pretrial finding that a defendant is incapacitated due to mental disease is not a favorable termination. A defendant found incapacitated due to mental disease, like a defendant found not guilty by reason of mental disease, is not at liberty to leave the courtroom, but is subject to immediate detention. (See People v Schaffer, 86 NY2d 460, 464-465 [1995]; People v Lancaster, 69 NY2d 20, 28 [1986], cert denied 480 US 922 [1987].) Because the disposition is not favorable within the meaning of GPL 160.50 (3), this court is without authority to seal the record.
This court is very sympathetic to the defendant’s position and feels that sealing would be appropriate in this case if the statute empowered the court with the authority or discretion to do so. There has been no conviction and the defendant should not be penalized or stigmatized for merely having been arrested and found incapacitated. However, the New York State *385 Legislature has not authorized sealing in this case. Lastly, if the defendant’s Florida licensing application is denied based merely on an arrest, his judicial remedy might lie in a Florida court challenge to the constitutionality of such denial.
Accordingly, the defendant’s motion for an order sealing the record of the criminal proceeding is denied.

. Defendant has included with his moving papers a copy of a certificate of disposition which states that he was committed to a state hospital and the proceeding was terminated on November 19, 1969.